1  Michele Molinario, Bar #020594
   John T. Masterson, Bar #007447
2  Derek R. Graffious, Bar #033486
   Justin M. Ackerman, Bar #030726
3  JONES, SKELTON & HOCHULI, P.L.C.
   40 North Central Avenue, Suite 2700
4  Phoenix, Arizona  85004
   Telephone:  (602) 263-1700
5  Fax:  (602) 200-7831
   mmolinario@jshfirm.com
6  jmasterson@jshfirm.com
   dgraffious@jshfirm.com
7  jackerman@jshfirm.com

8  Attorneys for Defendants Sheriff James
   Driscoll and Commander Matt Figueroa
9

10                    **UNITED STATES DISTRICT COURT**

11                          **DISTRICT OF ARIZONA**

| | |
|---|---|
| Jose Montelongo-Morales, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>James Driscoll, Coconino County Sheriff; Matt Figueroa, Jail Commander of the Coconino County Jail, all in their official capacities,<br><br>Defendants. | NO.<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Defendants James Driscoll and Matt Figueroa ("Defendants") have been served a copy of Plaintiff's Complaint for Declaratory Relief, Injunctive Relief, and Special Action filed in the Superior Court for the State of Arizona, in the County of Coconino, Case No. S0300-CV201900012.  Defendants hereby notice the removal of the above-captioned case, from the Superior Court of the State of Arizona, in the County of Coconino, to this Court, the United States District Court, for the District of Arizona.

**I.    BACKGROUND.**

On March 16, 2018, Plaintiff Jose Montelongo-Morales, as an individual, and on behalf of all others similarly situated, filed a Complaint for Declaratory Relief, Injunctive

7331992.1

1  Relief, and Special Action in the Superior Court of Coconino County, entitled
2  *Montelongo-Morales, et al. v. James Driscoll, et al*, Case No. CV2019-00012 (the
3  "Superior Court Action"). A true and accurate copy of the Complaint filed in the Superior
4  Court Action is attached hereto as **Exhibit "A"**. Plaintiff seeks to challenge Coconino
5  County Sheriff James Driscoll's policy of holding inmates accused of state charges for up
6  to 48 hours after their release in order to comply with ICE immigration detention requests
7  and a warrant of removal/deportation.

8   Plaintiff, as an individual, and on behalf of all others similarly situated, also filed a
9  Motion for Class Certification in the Coconino County Superior Court. A true and
10 accurate copy of the Motion for Class Certification is attached hereto as **Exhibit "B"**.
11 Defendants are filing the Response to the Motion for Class Certification simultaneously
12 with this Notice of Removal. Based on the filing of this Notice of Removal, the Superior
13 Court is divested of any power, authority, or jurisdiction to hear and decide Plaintiff's
14 motion pursuant to 28 U.S.C. §1446(d).

15 **II.     JURISDICTION.**

16  This Court has original jurisdiction over "civil actions arising under the
17 Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a general
18 matter, a claim falls within that grant of jurisdiction "only [in] those cases in which a
19 well-pleaded complaint establishes either that federal law creates the cause of action or
20 that the plaintiff's right to relief necessarily depends on resolution of a substantial question
21 of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463
22 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). A corollary of the "well-pleaded
23 complaint" rule, however, is the "artful pleading rule," which provides that a plaintiff
24 cannot avoid removal by declining to plead "necessary federal questions." *See Rivet v.*
25 *Regions Bank,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). "A federal
26 court may exercise removal jurisdiction under the 'artful pleading' doctrine, even if a
27 federal question does not appear on the face of a well-pleaded complaint, in three
28 circumstances: (1) where federal law completely pre-empts state law; (2) where the claim

7331992.1                                              2

is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *T & E Pastorino Nursery v. Duke Energy Trading and Marketing, L.L.C.*, 268 F.Supp.2d 1240, 1247 (S.D.Cal. 2003).

Plaintiff's Complaint in this action is crafted to "artfully" avoid federal question jurisdiction and achieve an end run around a previous decision issued by Judge David G. Campbell in *Tenorio-Serrano v. Driscoll*, 324 F. Supp. 3d 1053, 1062 (D. Ariz. 2018). In that action, an inmate under many of the same conditions as Plaintiff in this case sought to challenge the constitutionality of the exact same policy at issue in this action under both Federal and Arizona state law. Judge Campbell, when ruling on Plaintiff's motion for preliminary injunction, determined under both Arizona and federal law that Plaintiff failed to show a substantial likelihood of success on the merits, *id.* at 1060-64, and that the balance of hardship did not demonstrate that injunctive relief was proper in Plaintiff's favor. *Id.* at 1067. Following this preliminary determination, the plaintiff in *Tenorio-Serrano* voluntarily dismissed his case.

Plaintiff has artfully drafted his Complaint in an attempt to allege only violations of Arizona state law, and frame the question of injunctive relief on whether Defendants have "exceed[ed] their state warrantless arrest authority granted [] by the [Arizona] state legislature" in order to avoid federal question jurisdiction. [Complaint at ¶ 82].[1] However, what Plaintiff's Complaint really seeks to challenge is an Arizona's Sheriff's compliance with the Federal government's request for assistance in the enforcement of federal immigration law through the use of an immigration detainer Form I-247A and a warrant of removal Form I-205. [*See* Complaint at ¶¶ 39-49 (attacking the validity of

---

[1] Counsel for Plaintiff appears to have given an interview to a local Flagstaff, AZ paper regarding the Complaint filed in this lawsuit. Therein, he intimates that the current Complaint was filed in order to escape federal jurisdiction and the ruling issued by the Federal Court in a previous, related matter. *See* Arizona Daily Sun, New Lawsuit Filed Against Sheriff's Office ICE Detainer Policy, attached as **Exhibit C** ("But Lee Phillips, a local lawyer representing Montelongo-Morales … explains that this lawsuit is looking at the same issue from a different angle. Phillips explained that their new lawsuit alleges that Driscoll exceeded his authority under state law, while last year's suit focused on the violation of a person's civil rights under the federal constitution.").

7331992.1                                3

immigration detainer form I-247A); *id.* at ¶¶ 50-60 (attacking the validity of warrant of removal/deportation form I-205); *id.* at ¶ 85 (seeking "a declaration that Defendants' policy and practice of preventing individuals from being released from custody because of a request by immigration officials, and without a judicial warrant or probable cause of a crime is contrary to Arizona law."); *see also id.* at p. 13, ¶ G (requesting the Arizona Superior Court to preliminarily and permanently enjoin Defendants from "notifying or in any way communicating with ICE regarding the predicated or anticipated release date and release time of Plaintiff"); *id.* at p.15, ¶ K(b) (same).  In other words, the core question posed by Plaintiffs' Complaint is whether state law enforcement officers have any authority to arrest, detain, or prolong the detention of individuals of civil immigration violations at the request of the federal government.  Under the artful pleading doctrine, this Court has federal question jurisdiction for three reasons:

### 1.    Federal law completely pre-empts state law in this action.

"Complete preemption" applies where "the federal statutes at issue provide[ ] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action."  Where this case differs from *Tenorio* is that Plaintiff is not subject to an I-200 Warrant for Arrest of Alien, but rather, an I-205 Warrant of Removal/Deportation.  [*See* Complaint, Ex 4].  An I-205 Warrant, by necessity, already includes a previous adjudication that Plaintiff is subject to removal/deportation from the United States by a final order issued by an immigration judge.  [*Id.*].  At least two courts have recognized that a state's refusal to comply with an order of removal issued by ICE could be constitutionally preempted.  *See Miranda-Olivares v. Clackamas Cty.*, No. 3:12-CV-02317-ST, 2014 WL 1414305, at *4, n.4 (D. Or. Apr. 11, 2014) ("Had ICE issued an order of removal or deportation for Miranda–Olivares, then a refusal by the County to comply could be constitutionally preempted."); *People v. Xirum*, 45 Misc. 3d 785, n.1 (Sup. Ct. 2014) (same).  The *Miranda-Olivares* court acknowledged that had an I-205 Warrant existed, the doctrine of field-preemption, "based on the implied 'federal power to determine immigration policy,' " would have controlled and the County presumably

7331992.1                                                          4

1  would not have been able to exercise any discretion in its enforcement of the order. *Id.*
2  (citing *Arizona v United States*, 567 US 387, 394-95 (2012)).[2]  Because of the I-205
3  warrant in this action, federal law completely pre-empts any state law question of whether
4  compliance with ICE's detainer request is constitutional, thereby providing federal
5  question jurisdiction under 28 U.S.C. § 1331.

6  **2.   Plaintiff's requested injunctive relief is necessarily federal in character.**

7  "A claim is necessarily federal when it falls within the express terms of a statute
8  granting federal courts exclusive jurisdiction over the subject matter of the claim." *T & E*
9  *Pastorino Nursery v. Duke Energy Trading & Mktg., L.L.C*., 268 F. Supp. 2d 1240, 1248
10 (S.D. Cal. 2003); *Brennan v. Sw. Airlines Co*., 134 F.3d 1405, 1409 (9th Cir.), amended
11 sub nom. *Brennan v. Sw. Airlines*, 140 F.3d 849 (9th Cir. 1998). 8 U.S.C. § 1357(g)(8)
12 provides that "[a]n officer or employee of a State … acting under color of federal
13 authority … ***shall be*** considered to be acting under color of Federal authority for purposes
14 of determining the liability, and immunity from suit, of the officer or employee in a civil
15 action" regardless of whether it is "brought under Federal or State law."  Here, Defendants
16 were acting under color and authority of federal law by "cooperate[ing] with the Attorney
17 General in the identification, apprehension, detention, or removal of aliens not lawfully
18 present in the United States" when they complied with ICE's detainer request and I-205
19 warrant.  8 U.S.C. § 1357(g)(10).  As such, under 8 U.S.C. § 1357(g)(8), federal law
20 controls whether Defendants have any liability in this action, making Plaintiffs' request
21 for injunctive and declaratory relief necessarily federal in character.

22 In addition, Plaintiff also ambiguously pleads in his Complaint that Defendants'
23 actions are in violation of his "rights" under Arizona law. [*See e.g.,* Complaint at ¶ 1
24 (alleging Defendants' policy deprives persons of their liberty); ¶ 82 (alleging Defendants
25 acts exceed their state warrantless arrest authority); ¶ 85 (alleging generally that

---

[2] Indeed, Justice Alito in *Arizona* noted that "one of the Federal Government's highest priorities is the apprehension and removal of aliens who have failed to comply with a final order of removal."  *Arizona v. United States*, 567 U.S. 387, 444 (2012) (Alito concurrence).

7331992.1                                5

Defendants' policy and practice of preventing individuals from being released from custody is contrary to "Arizona law")]. To the extent this refers to certain rights under the Arizona Constitution, however, <u>Arizona has not recognized a private right of action</u> for alleged violations of the Arizona Constitution or the arrest statutes referred to in Plaintiff's Complaint. [A.R.S. § 13-3898, A.R.S. § 13-3907, A.R.S. § 1-215 and the Arizona Rules of Criminal Procedure.] Rather, such an allegation is only cognizable as a violation of federal constitutional rights under 42 U.S.C. § 1983. By way of example, due process damage claims pursuant to the United States Constitution are permitted under federal law pursuant to 42 U.S.C. § 1983, which authorizes a private right of action against persons who deprive individuals of constitutional rights. 42 U.S.C. § 1983. However, the Arizona Legislature has never enacted a state counterpart to § 1983, nor is there a published Arizona decision that has created a damage remedy for general violations of state constitutional rights. Such an enabling statute is necessary to convey a private cause of action under the Arizona Constitution. *See Ferrer v. State*, 172 Misc.2d 1, 6-7, 655 N.Y.S.2d 900, 903-04 (Ct. Cl. 1996) (finding no private right of action under State Constitution); *Thibault v. Barkhamsted Fire Dist.,* 2013 WL 6038259 *4 (Conn. Super. Ct. 2013); *Bandoni v. State*, 715 A.2d 580, 601 (R.I. 1998) ("we hold that article 1, section 23, is not self-executing and that in order for a cause of action for damages to resonate from the deprivation of a crime victim's rights, the Legislature must create specific provisions or mechanisms as mandated by the framers.") Accordingly, in this case, to the extent Plaintiff seeks injunctive or declaratory relief to vindicate Arizona law constitutional or criminal statute violations, such requested injunctive relief, by definition, is federal in character as such a claim can only be brought under 42 U.S.C. § 1983.

**3.  Plaintiff's right to relief depends on the resolution of substantial, disputed federal questions.**

As to the third option under the artful pleading doctrine—the substantial federal question doctrine—the Supreme Court has specified that where a claim is based on state rather than federal law, there may be federal jurisdiction only where the "state-law claim

necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). Here, several substantial federal questions are raised in Plaintiff's complaint.

**First**, as identified by Judge Campbell in *Tenorio*, the Court will also need to address whether 8 U.S.C. § 1357(g)(10) permits "cooperation" with "detention" in order to determine if declaratory and injunctive relief is proper under Arizona law. *Tenorio-Serrano*, 324 F. Supp. 3d at 1064. Under A.R.S. § 11-1051(A) "No official or agency of this state or a county, city, town or other political subdivision of this state may limit or restrict the enforcement of federal immigration laws to ***less than the full extent permitted by federal law***." (emphasis added). This provision was upheld in *Arizona v. United States*, 567 U.S. 387, 411-15 (2012). Accordingly, in order to answer whether law enforcement is permitted to cooperate with an ICE detainer request, per A.R.S. § 11-1051, this Court must explore the full extent that cooperation with federal immigration is permitted by federal law. Thus, in order to answer this question, the Court will, by necessity, need to examine various federal statutes and regulations regarding the federal government's ability to request assistance from state or local governments in the enforcement of federal immigration law[3] as well as decisions by the United States Supreme Court and other federal courts addressing the same[4], and determine whether these authorities sufficiently confer on a state actor the legal authority to hold an

---

[3] *See e.g.,* 8 U.S.C. § 1357(g)(10) (authorizing state and local governments to "communicate with the [Secretary] regarding the immigration status of any individual" or "cooperate with the [Secretary] in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States," when that cooperation is pursuant to a "request, approval, or other instruction from the Federal Government."); *see also* 8 U.S.C. § 1226(a); 8 U.S.C. § 1231(a)(1)(A), (2); 8 U.S.C. § 1357(a)(1), (2).

[4] *See e.g., Arizona v. United States,* 567 U.S. 387 (2012); *see also See Chung Young Chew v. Boyd*, 309 F.2d 857, 865 (9th Cir. 1962) (holding detainer filed on the basis of a warrant sufficient to establish "technical custody ... until the individual is released from the institution at which time actual custody is obtained.").

individual for ICE. This review and analysis, by necessity, involves substantial federal questions regarding the scope of cooperation permitted between local governments and the federal government in the enforcement of federal immigration law.

**Second**, as identified by Judge Campbell in *Tenorio*, this Court will need to determine whether state officers act with federal authority when they hold persons on behalf of the federal government. *See* 8 U.S.C. § 1357(g)(8). If the measure of Defendants authority to detain is based on a federal immigration officer's authority, then that clearly implicates a federal question on the scope of a federal immigration officer's authority to arrest and detain individuals subject to an I-205 warrant.

**Third**, as identified by Judge Campbell in *Tenorio*, federal law regarding whether state officials could detain an individual based on a federal warrant would weigh on the constitutionality of the policy at issue in this action. *Tenorio-Serrano v. Driscoll*, 324 F. Supp. 3d 1053, 1065 (D. Ariz. 2018) ("future briefing should consider and address the differences between unilateral arrests and continued detentions on the basis of federal warrants.").

Thus, because this Court must squarely resolve intertwined federal questions in order to determine whether Plaintiff is entitled to the relief requested in his Complaint, Plaintiff cannot escape the federal questions by framing his Complaint as an attack on Defendants' authority under Arizona law to comply with ICE detainer/warrant requests. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 308 (2005) ("Federal-question jurisdiction is usually invoked by plaintiff's pleading a cause of action created by federal law, but this Court has also long recognized that such jurisdiction will lie over some state-law claims that implicate significant federal issues…. These considerations have kept the Court from adopting a single test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties."); *see also Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 475 (1998) ("Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions.' If a court concludes

that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim."); *Sacks v. Dietrich,* 663 F.3d 1065, 1069 (9th Cir. 2011) (holding that federal district court correctly found federal question jurisdiction "because application of federal law is necessary to resolve each of the state law theories" despite the Complaint being framed entirely under state law).

Based on the foregoing, this Court has original jurisdiction, and the Superior Court Action must be removed to the United States District Court, for the District of Arizona.

## III. VENUE.

Venue is proper in this district under 28 U.S.C. § 1441(a) because the District and the division embrace Coconino County, Arizona, the place where the Superior Court Action was filed.

## IV. COMPLIANCE WITH 28 U.S.C. § 1446

Defendants James Driscoll and Matt Figueroa were served with the Complaint for Declaratory Relief, Injunctive Relief and Special Action; and Plaintiff's Motion for Class Action Certification on January 15, 2019. (Service Affidavit Attached as **Exhibit "D"**.

In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days of receipt of Plaintiffs' Complaint, and within one year of the commencement of the Superior Court Action.

Copies of all remaining pleadings currently on file with the Coconino County Superior Court are attached as **Exhibit "E"**.

Notice of Removal to United States District Court, a true and correct copy of which is attached as **Exhibit "F"**, will be filed in the Superior Court for the State of Arizona, in the County of Coconino, Case No. CV2018-00144, on behalf of Defendants James Driscoll and Matt Figueroa.

///

///

## V. CONCLUSION

Removal of this action is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. All defendants have consented to removal, and Defendants hereby submit the subject notice of removal, a Notice of which has also been filed with the Coconino County Superior Court.

DATED this 25th day of January 2019.

JONES, SKELTON & HOCHULI, P.L.C.


By  /s/ Michele Molinario
    Michele Molinario
    John T. Masterson
    Derek R. Graffious
    Justin M. Ackerman
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendants Sheriff James
    Driscoll and Commander Matt Figueroa

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Lee Phillips
Robert S. Malone
Law Office of Lee Phillips, P.C.
209 N. Elden Street
Flagstaff, AZ 86001
*Attorneys for Plaintiff*

Kathleen E. Brody
William B. Peard
ACLU Foundation of Arizona
3707 North 7th Street, Suite 235
Phoenix, AZ 8501
*Attorneys for Plaintiff*

/s/ Cindy Castro

7331992.1                               10