# EXHIBIT "A"

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
01/09/2019 8:08PM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201900012
HON. CATHLEEN BROWN NICHOLS

**LAW OFFICE OF**
**LEE PHILLIPS, P.C.**
209 N. Elden St.
Flagstaff, Arizona 86001
(928) 779-1560
(928) 779-2909 Facsimile
LeePhillips@LeePhillipsLaw.com
State Bar No. 009540

**ROBERT S. MALONE**
209 N. Elden St.
Flagstaff, Arizona 86001
(928) 779-1560
(928) 779-2909 Facsimile
bobsmalone@gmail.com
State Bar No. 017352
Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF COCONINO**

| | |
|---|---|
| JOSE MONTELONGO-MORALES, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DRISCOLL, Coconino County Sheriff; MATT FIGUEROA, Jail Commander of the Coconino County Jail,<br><br>all in their official capacities,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND SPECIAL ACTION** |

**PETITION FOR SPECIAL ACTION & COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1. This suit challenges Coconino County Sheriff Jim Driscoll's policy and practice of unlawfully exceeding his authority under Arizona law by routinely

depriving persons of their liberty for suspected civil violations of federal immigration law.

2.  This policy and practice of preventing individuals from being released from the Coconino County Detention Facility, solely because of a request by immigration officials and without a judicial warrant or probable cause of a crime, is contrary to Arizona law.

3.  Arizona sheriffs' powers are strictly limited to those expressly granted by the Arizona statutes. Requests made by immigration officials do not confer state or local law enforcement officers with any authority to arrest, detain, or prolong the detention of individuals for civil immigration violations. The Coconino County's policy and practice of placing a U.S. Immigrations Customs Enforcement detainer (sometimes referred to as "ICE hold" or "immigration detainer") based on immigration requests made by the U.S. Immigration and Customs Enforcement agency ("ICE") will result in Plaintiff invariably remaining in jail longer than state law allows. This is true, even where the ICE request to the Sheriff is accompanied by or otherwise styled as a "administrative warrant", "ICE warrant", or "warrant of removal/deportation".

4.  Sheriff Driscoll holds people for up to 48 hours after state law requires their release. Plaintiff and putative class members are likely – if not almost certain – to fall victim to this prolonged and unlawful detention at the Coconino County Detention Facility upon completing all of their conditions of release under state law.

5.  On behalf of himself and a class of similarly situated persons, Plaintiff seeks preliminary and permanent injunctive relief, as well as a declaratory judgment and special action relief determining that the policy and practice challenged here exceeds Sheriff Driscoll's authority under Arizona law, and is unlawful.

# JURISDICTION AND VENUE

6.     This Complaint raises a special action pursuant to the Arizona Rules of Procedure for Special Actions, the forebear to which (Writ of Mandamus) was authorized to be heard by this Court, pursuant to Article VI, § 18 of the Arizona Constitution and A.R.S. § 12-2021.

7.     Special Action is appropriate because there is no equally plain, speedy, and adequate remedy available to Plaintiff.

8.     Special Action is appropriate because Plaintiff seeks an order from this Court that Defendants perform a duty that:

    a.  is ministerial in nature; and

    b.  which the law specially imposes as a duty on Defendants; and

    c.  Defendants have thus far refused to perform; and

    d.  about which Defendants have no discretion.

9.     This complaint seeks injunctive relief, which is authorized by A.R.S. § 12-1801.

10.     This complaint seeks declaratory relief, which is authorized by A.R.S. § 12-1831.

11.     The provisions of A.R.S. § 12-821.01 do not apply to this action because Plaintiff raises no claim for monetary damages against any Defendants and all prayers for relief are of an exclusively injunctive, declaratory, or extraordinary nature.

12.     Venue is proper in this Court because the Plaintiff is currently detained within Coconino County, Plaintiff is in the custody of the Coconino County Sheriff, the public body and public officials who determined the matter to be reviewed in this action are officials of Coconino County, and a substantial part of the events or omissions giving rise to this claim occurred in Coconino County.

## PARTIES

13. Plaintiff Jose Montelongo-Morales resides in Flagstaff, Arizona with his family, including his three small children.

14. Plaintiff is currently held as a detainee in the Coconino County Detention Facility, a county jail located at 951 E. Sawmill Road in Flagstaff, Arizona.

15. Plaintiff has been continuously held by the Coconino County Sheriff's Office since December 28, 2018.

16. Defendant Jim Driscoll is the Coconino County Sheriff and has served as the Coconino County Sheriff during all times relevant to this action. Mr. Driscoll is sued in his official capacity.

17. Mr. Driscoll's duties include taking charge of and keeping the county jail, as well as the prisoners in the county jail, pursuant to A.R.S. §§ 11-441(A)(5), 31-301, and 48-4002(F).

18. Defendant Matt Figueroa is an employee of Coconino County Sheriff's Office and serves as the Jail Commander of the Coconino County Detention Facility.

19. Defendant Matt Figueroa may formulate jail policy, subject to Defendant Driscoll's review and approval.

20. Defendant Matt Figueroa is responsible for overseeing the day-to-day operations of the Coconino County Detention Facility.

21. Defendant Matt Figueroa has supervisorial responsibility over all civilian Coconino County Sheriff's Office employees working at the Coconino County Detention Facility, including those civilian employees responsible for accepting and/or processing bail and fines.

## STATEMENT OF FACTS

### The Coconino County Sheriff's Office Local Policy

22.     Upon information and belief, the Coconino County Sheriff's Office has had in place since at least January 2008 a written jail policy that sets out the appropriate steps for jail staff to take when encountering an inmate who is suspected of being in the United States without lawful immigration status.

23.     On July 28, 2017, Defendant Matt Figueroa drafted the current version of the jail policy that forms the basis of the state law violations complained of in this action. (*See* Exhibit 1, Sheriff's Policy Re: "Suspected Illegal Immigrant Inmates.")

24.     The current jail policy instructs Coconino County Detention Facility staff not to physically release detainees who are the subject of "ICE Detainers" for up to an additional 48 hours after the ICE detainee has satisfied all local conditions of release. This policy of delayed release allows ICE sufficient time to take custody of the detainee. Pursuant to this jail policy, a detainee subject to an ICE detainer is released prior to 48 hours only if ICE arrives within the 48 hours to take custody of the detainee or if ICE notifies jail staff that it has dropped the ICE detainer. (*See* Exhibit 2, Declaration of Samantha Seaman, Assistant Field Director, I.C.E. Phoenix Office).

25.     The jail policy described above instructs Coconino County Sheriff's Office personnel to prolong the detention of a subset of detainees beyond the time that they would otherwise be held by Coconino County Sheriff's Office.

26.     The jail policy described above requires Coconino County Sheriff's Office personnel to prolong the detention of a subset of detainees on the exclusive basis of the existence of an "ICE detainer" and an accompanying "ICE administrative warrant".

5

**Plaintiff's Initial Arrest**

27.     Plaintiff was arrested by Flagstaff Police on December 28, 2018.

28.     On December 28, 2018 Plaintiff was booked into the Coconino County Detention Facility on a failure to appear warrant previously issued by the Flagstaff Municipal Court.

29.     On January 2, 2019, Plaintiff was arraigned before the Flagstaff Municipal Court and a show cause hearing was set in his case for January 16, 2019.

30.     Plaintiff is currently being held in the Coconino County Detention Facility by order of the Flagstaff Municipal Court and pursuant to Arizona statutes.

31.     At no time did Coconino County officials bring federal criminal charges against Plaintiff.

32.     Upon information and belief, at no time have federal authorities communicated to Defendants or to Coconino County Sheriff's Office personnel that there is probable cause to believe that Plaintiff violated any criminal statutes.

33.     Upon information and belief, Plaintiff does not have any outstanding criminal warrants for his arrest from other jurisdictions.

34.     Plaintiff does not stand charged in any other state with a felony crime.

35.     Plaintiff is currently being held in the Coconino County Detention Facility as a detainee of Coconino County Sheriff's Office and is fully under the custody of Coconino County Sheriff's Office.

36.     Plaintiff is not currently being held in the Coconino County Detention Facility pursuant to an intergovernmental agreement with a federal agency.

37.     Plaintiff is not currently a federal inmate.

## ICE Involvement in Plaintiff's Case

38. On or about December 28, 2018, ICE officials located in Phoenix, Arizona became aware that Plaintiff was in the custody of the Coconino County Sheriff's Office.

39. On December 28th, 2018 ICE officials located in Phoenix, Arizona sent two documents to the Coconino County Detention Facility related to Plaintiff: one document entitled "Department of Homeland Security Immigration Detainer – Notice of Action" and imprinted with the form number "I-247A"; and a second document entitled "U.S. Department of Homeland Security Warrant of Removal/Deportation" and imprinted with the form number "I-205". (*See* Exhibits 3, 4)

40. Aside from the two documents referenced in Paragraph 40, above, Coconino County Sheriff's Office received no other documents from ICE related to Plaintiff.

41. The Form I-247A provided to the Coconino County Detention Facility on December 28th, 2018 nowhere indicates that ICE has formed probable cause to believe that Plaintiff violated any criminal laws.

42. Nowhere on the Form I-247A provided to the Coconino County Detention Facility on December 28th, 2018 appears the words "misdemeanor" or "felony".

43. The Form I-247A provided to the Coconino County Detention Facility on December 28th, 2018 is signed by an ICE "immigration officer".

44. The above-referenced immigration officer who signed the Form I-247A at issue in this action is an employee of ICE.

45. ICE is a law enforcement agency.

46. The immigration officer who signed the Form I-247A at issue in this action is a law enforcement officer.

47.     The immigration officer who signed the Form I-247A at issue in this action is not a judge.

48.     The immigration officer who signed the Form I-247A at issue in this action is not a "magistrate", as that term is used in A.R.S. § 13-3898, A.R.S. § 13-3907, A.R.S. § 1-215, and the Arizona Rules of Criminal Procedure.

49.     The immigration officer who signed the Form I-247A at issue in this action is personally involved in the investigation of violations of federal immigration laws and is neither detached nor neutral.

50.     The Form I-205 provided to the Coconino County Detention Facility on December 28th, 2018 is titled a "Warrant of Removal/Deportation" and was signed by an "immigration officer" employed by ICE.

51.     The Form I-205 at issue in this action does not articulate any reasonable suspicion or probable cause to believe that Plaintiff violated any criminal laws.

52.     Neither the word "misdemeanor" nor the word "felony" appears anywhere on the Form I-205 at issue in this action.

53.     The immigration officer who signed the Form I-205 at issue in this action is a law enforcement officer.

54.     The immigration officer who signed the Form I-205 at issue in this action is an employee of ICE.

55.     The immigration officer who signed the Form I-205 at issue in this action is not a judge.

56.     The immigration officer who signed the Form I-205 at issue in this action is not a "magistrate", as that term is used in A.R.S. § 13-3898, A.R.S. § 1-215, and the Arizona Rules of Criminal Procedure.

57.     The Form I-205 at issue in this action was not signed by a judge or by a magistrate.

58. The Form I-205 at issue in this action was not reviewed by a judge or by a magistrate.

59. The Form I-205 at issue in this action was issued by an immigration officer who is involved in the investigation of Plaintiff's alleged violation of federal immigration laws, who is neither detached or neutral.

60. The Form I-205 at issue in this action was not supported by the oath or affirmation of any government official as required by law.

61. Any future prolonged detention of Plaintiff based solely upon the Forms I-247A and I-205 is a warrantless arrest for purposes of A.R.S. § 13-3883.

<u>Coconino County Sheriff's Office Detention of Plaintiff</u>

62. On January 2, 2019, the Flagstaff Municipal Court set conditions of release.

63. Those conditions, in their totality were: that Plaintiff pay a $200.00 cash bond.

64. By the terms of the Commitment/ Release Order issued in Plaintiff's case on January 2, 2019, the above-mentioned conditions of release were the only conditions of release set by the Flagstaff Municipal Court.

65. The Determination of Release Conditions described in Paragraphs 63 and 64, above, is still in force at this time and has not been rescinded, modified, superseded or otherwise amended since its initial issuance on January 2, 2019.

66. The Flagstaff Municipal Court derives its authority to set conditions of release from A.R.S. § 13-3967 and from Article II, Section 22 of the Arizona Constitution, because Plaintiff was detained pursuant to a Failure to Appear Warrant issued by the Flagstaff Municipal Court.

67. As it currently stands, without intervention by this Court, Plaintiff will almost certainly be detained for up to an additional 48 hours, without lawful

authority, upon completion of all conditions of release described in Paragraphs 63-64, above.

## CLASS ACTION ALLEGATIONS

68.     Pursuant to Arizona Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

**All current and future detainees and inmates of Coconino County Detention Facility who are currently or will be the subject of an ICE detainer request and/or ICE administrative warrant sent to Defendants**

69.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

70.     Defendants' practices and omissions are being applied uniformly to all members of the Class.

71.     Absent relief granted by this Court, Plaintiff believes that all future members of the Class will be treated similarly to Plaintiff and similarly to one another.

72.     All members of the Class are and will be similarly affected by the unlawful practices of Defendants.

73.     Based on public records available at this time, it is apparent that the number of Class members is so large as to make joinder impractical, if not impossible.

74.     The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendants, and the relief sought within the Class is common to the members of each.

10

75.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

## CAUSES OF ACTION

## COUNT ONE:

## SPECIAL ACTION PURSUANT TO A.R.S. § 12-2021 AND THE ARIZONA RULES OF SPECIAL ACTION

76.     Special Action is appropriate because there is no equally plain, speedy, and adequate remedy available to Plaintiff.

77.     Special Action is appropriate because Plaintiff seeks an Order from this Court requiring Defendants to perform a duty that is:

    a.  Ministerial in nature; and

    b.  The law specially imposes this duty on the Defendants' and

    c.  Defendants have thus far refused to perform this duty; and

    d.  About which Defendants have no discretion. Ariz. R. Spec. Act. P. 3(a).

78. Special Action is also appropriate because Defendants are acting without legal authority. Ariz. R. Spec. Act. P. 3(b).

79. When Defendants' state-law authority to confine Plaintiff has ended, Plaintiff has a clear legal right to release from the Coconino County Detention Center.

80. Defendants lack discretion to prolong Plaintiff's detention beyond the time when state law requires release.  As such, Defendants' duty to promptly release Plaintiff at the appropriate time is a ministerial function of their positions.

11

81. Defendants have stated their intention to exceed their state warrantless arrest authority granted them by the state legislature.

## COUNT TWO:
## INJUNCTIVE RELIEF

82. The allegations described above constitute violations of Plaintiff's rights, as Defendants have stated their intention to exceed their state warrantless arrest authority granted them by the state legislature.

83. Plaintiff can demonstrate <u>both</u> a likelihood of success on the merits <u>and</u> a probability (not merely possibility) of irreparable harm if the Court does not grant relief.

84. Plaintiff can show that there will be no hardship to Defendants if relief is granted, and that Plaintiff will suffer immeasurably if this Court does not grant relief.

## COUNT THREE:
## DECLARATORY RELIEF

85. Plaintiff is entitled to a declaration that Defendants' policy and practice of preventing individuals from being released from custody solely because of a request by immigration officials, and without a judicial warrant or probable cause of a crime is contrary to Arizona law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

A. Certify this action as a class action, pursuant to Rule 23(b)(1) or 23(b)(2), Ariz. R. Civ. P.;

B. Define the certified class, pursuant to Rule 23(c)(1)(B), Ariz. R. Civ. P., as

> "all current and future detainees and inmates of Coconino County Detention Facility who are currently or will be the subject of an ICE detainer request and/or ICE administrative warrant sent to Defendants"

C. Include in such Order an award of attorneys' fees and non-taxable costs, pursuant to Rule 23(g)(1)(D) and 23(h), Ariz. R. Civ. P.;

D. Appoint undersigned counsel as class counsel, pursuant to Rule 23(g), Ariz. R. Civ. P.;

E. Declare that the provisions of Defendants' jail policy permitting Coconino County Sheriff's Office employees to prolong the detention of detainees and inmates at the Coconino County Detention Facility for up to 48 additional hours exceeds Defendants' state law authority;

F. Preliminarily and permanently enjoin Defendants, their officers, agents, servants, and employees from holding or otherwise detaining Plaintiff and class members in excess of sixty (60) minutes beyond the moment that Coconino County Sheriff's Office confirms that Plaintiff has met all conditions of release set by the Flagstaff City Court on January 2, 2019.

G. Preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and attorneys from notifying or in any way communicating with ICE regarding the predicted or anticipated release date and release time of Plaintiff, as any such communication in this instance would, by implication, be

13

done in a deliberate effort by Defendants to undermine other relief granted by this Court;

H. Accept jurisdiction of a special action by finding that Plaintiff has standing to bring a special action, that the matter is subject to judicial review, and that Plaintiff properly pled that Defendants failed to perform a ministerial duty that they were required by law to perform;

I. Order Defendants to show cause why Defendants should not be ordered by this Court to release Plaintiff from the Coconino County Detention Facility immediately upon Plaintiffs' completion of all conditions of release, as the law requires Defendants to do and for which the law provides no discretion;

J. Order Defendants to show cause why Defendants should not be ordered to release Plaintiff from the Coconino County Detention Facility in a specific manner, as is permitted of the Superior Court in certain circumstances during Special Actions (*See, e.g., Tovrea v. Superior Court*, 101 Ariz. 295 (1966); *Southwest Forest Industries, Inc. v. Sullivan*, 100 Ariz. 336 (1966))

K. Pursuant to A.R.S. § 12-2028A, order Defendants to immediately release Plaintiff from their custody upon completion of all conditions of release set by the Flagstaff City Court on January 2, 2019, and that Defendants do so in the following manner:

    a. That Defendants effectuate Plaintiff's release no longer than sixty (60) minutes from the moment that Plaintiff completes all conditions of release set by the Flagstaff City Court on January 2, 2019; and

14

b. That Defendants release Plaintiff from their custody without communicating to ICE about the anticipated release time or anticipated release date of Plaintiff;

L.     Award Plaintiffs their costs and reasonable attorneys' fees in this action pursuant to A.R.S. § 12-2030 & Ariz. R. Civ. P. 23;

M.     Grant Plaintiffs such other relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 9 January 2019.

s/Lee Phillips
Lee Phillips
Attorney for Plaintiff

s/Robert S. Malone
Robert S. Malone
Attorney for Plaintiff

# EXHIBIT 1

## COCONINO COUNTY SHERIFF'S OFFICE
### Detention Facility Policy and Procedure

| Topic<br>Suspected Illegal Immigrant<br>Inmates | Effective Date<br>01/28/08 | P & P No. RI.1a<br>Page 1 of 2 |
|---|---|---|
| Subtopic<br>Holds/Detainers | Revised by<br>Commander Matt Figueroa<br>07/28/17 | Authorization<br>Commander Braatz |

### POLICY:

Detention Staff will notify the Detention and Removal Office (DRO), a subsidiary of Immigration Custom Enforcement (ICE), immediately upon reasonable suspicion, notification or admission that an inmate in our facility is an alien and is unlawfully present in the United States.

In determining whether reasonable suspicion of unlawful presence exists, officers should consider all relevant factors, including, among others:

- Lack of or false identification, no date of birth, no social security number
- Possession of foreign identification
- Voluntary statements by the person regarding their citizenship or lawful presence
- Prior information about the person
- Inability to provide their residential address
- Providing inconsistent or illogical information
- Demeanor – for example, unusual or unexplained nervousness, erratic behavior, refusal to make eye contact
- Significant difficulty speaking English

### PROCEDURE:

1. Detention Staff will notify the DRO immediately upon reasonable suspicion, notification or admission that an inmate in our facility is an alien and is unlawfully present in the United States.

2. Detention Staff will have the inmate in question speak to the DRO over the telephone.

3. If the DRO determines that the inmate in question is in fact in this country illegally, then the DRO/ICE will fax Immigration Detainer – Notice of Action form I-247A and either a Warrant for Arrest of Alien form I-200 or a Warrant of Removal/ Deportation form I-205 to be placed in the inmates file.

4. The bottom law enforcement agency portion of the Immigration Detainer – Notice of Action form I-247A will be filled out by our staff and faxed back to DRO/ICE.

5. A photocopy of the Immigration Detainer – Notice of Action form I-247A and either a Warrant for Arrest of Alien form I-200 or a Warrant of Removal/ Deportation form I-205 notice will be given to the inmate.

6. The ICE Tab within our Jail Management System (JMS) in ILEADS will be utilized by staff to document the ICE Detainer and other pertinent information regarding the inmate. Staff will also document the reasonable suspicion or reason why ICE was notified in the notes field within the ICE tab. A "Hold for ICE" will then be placed on the inmate in JMS.

7. Inmates with an ICE Detainer will be allowed to post bond on their local charges.

8. Detention Staff will call the DRO/ICE at (602)257-5911 and notify them all local charges have been adjudicated or the bond is posted. The Immigration Detainer – Notice of Action form I-247A in the inmate folder needs to be scanned and sent via email to phojailreleases@ice.dhs.gov or faxed to (602)379-4502 if an inmate is pending a release.

9. Once ICE is notified, staff will write the inmates name and other pertinent information along with the potential release date on the dry erase board in the Intake/Court Office area. The same information will also be documented in the notes field in JMS.

10. The detainer will remain in effect and the inmate will remain in custody until:

   ◦ DRO/ICE advises and sends a Immigration Detainer – Notice of Action form I-247A release notifying the Detention Facility to remove or drop the detainer or,

   ◦ ICE takes custody of the Illegal Immigrant inmate or,

   ◦ Until the detainer period expires.

      A. The detainer period: The current legal detainer period shall not exceed 48 hours. The detainer period commences when the local or state criminal justice agency has no other legal basis for continuing the detention (e.g., when charges are dismissed, when bond is posted).

      B. The detainer period exists for the purpose of complying with a timely legal request for temporary detention issued by the Department of Homeland Security/ICE as noted above. In the event DHS/ICE fails to assume actual physical custody of the detainee within 48 hours of the onset of the federal detainer (including Saturdays, Sundays and holidays) the detainee must be released.

      C. In the event of release at the expiration of the detention period, the cause or reason for release shall be noted in the release comments in JMS.

# EXHIBIT 2

1
2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

3
4  GUILLERMO TENORIO-SERRANO,
5                        Plaintiff,
6                                              Case No.: 18-CV-08075-DGC-BSB
7              vs.
8  JAMES DRISCOLL, et al,                      DECLARATION OF SAMANTHA
9                                              SEAMAN
                        Defendants.
10
11
12      I, Samantha Seaman, hereby state and declare that the following statements
13  are true and correct to the best of knowledge, information, and belief:
14
15      1.      I am an Assistant Field Office Director at U.S. Immigration and
16  Customs Enforcement (ICE) within the U.S. Department of Homeland Security
17  (DHS). I have served as Assistant Field Office Director in Phoenix since
18
19  November 27, 2016. I have been employed by ICE and the former Immigration
20  and Naturalization Service continuously since July 6, 1996 and have worked in
21
22  Enforcement and Removal Operations (ERO). In my capacity as Assistant Field
23  Office Director, I am responsible for direction and oversight of ICE immigration
24
25  enforcement operations in Arizona. My office is responsible for the identification,
26  apprehension, and removal of illegal aliens from the United States, to include the
27  detention of those determined to pose a risk of flight or danger to the community
28
    while they are going through removal proceedings.

DECLARATION OF SAMANTHA SEAMAN – 1

2.     I have prepared this declaration at the request of the Department of

Justice, Office of Immigration Litigation, in connection with the above-captioned

action filed by the Plaintiff, Guillermo Tenorio-Serrano. The following

representations are based on my personal knowledge and a review of DHS records.

3.     The Plaintiff, Guillermo Tenorio-Serrano, is a 32-year-old native and

citizen of Mexico. According to DHS records, he has never had lawful

immigration status in the United States.

4.     According to the attached DHS record, on December 12, 2017, at

approximately 1:30 a.m., Coconino County Jail officials faxed a notification to

ICE stating that the Plaintiff did not have a social security card and admitted to

being born in Mexico and not being a United States citizen. The Plaintiff had been

arrested by the Flagstaff Police Department and booked into Coconino County Jail

custody based on a state criminal charges of driving under the influence (DUI).

5.     After receiving this notification, ICE ERO Deportation Officer (DO)

Wagstaff telephonically interviewed the Plaintiff at the Coconino County Jail on

December 12, 2017. The Plaintiff admitted he was a citizen of Mexico and had no

valid immigration documents to reside legally in the United States. He also

admitted that he entered the United States without any inspection, admission, or

parole approximately eleven years ago through an unknown location in violation of

8 U.S.C. § 1325. DO Wagstaff performed a check of DHS records and confirmed

DECLARATION OF SAMANTHA SEAMAN – 2

1   that the Plaintiff had no legal authorization to be in the United States. DO

2   Wagstaff subsequently presented this information about the Plaintiff to ICE ERO

3

4   Acting Supervisory Detention and Deportation Officer (ASDDO) Barry Jansen,

5   who also determined that the Plaintiff is an alien present in the United States with

6

7   no lawful immigration status and is removable from the United States under

8   Immigration and Nationality Act section 212(a)(6)(A)(i). Therefore, ASDDO

9   Jansen executed a DHS Warrant for Arrest of Alien (Form I-200), dated December

10

11   12, 2017.

12        6.      DO Wagstaff faxed an ICE detainer (Form I-247A) and the executed

13

14   arrest warrant (Form I-200) to Coconino County Jail on December 12, 2017, at

15   approximately 2:36 a.m. in accordance with ICE's detainer policy. *See* ICE Policy

16

17   No. 10074.2, https://www.ice.gov/detainer-policy.

18        7.      There is no release date at present for the Plaintiff because he is in

19   pre-trial detention at Coconino County Jail based on his state criminal charges.

20

21   After a release date is established for the Plaintiff or the Plaintiff posts bond

22   allowing his release from the Coconino County Jail, typically the Coconino County

23

24   Jail staff will notify the ICE Phoenix ERO office by phone. ICE officers will then

25   travel to the Coconino County Jail, arrest the Plaintiff, and transport him back to

26

27   Phoenix for processing and a determination of whether to further detain the

28   Plaintiff pending his removal from the United States.

DECLARATION OF SAMANTHA SEAMAN – 3

8.     Typically, Coconino County Jail officials will notify ICE that an alien subject to an ICE detainer and administrative warrant will be released at a specified date and time because the alien's state charges have been dismissed, the sentence has been served, or bond has been posted. ICE Phoenix ERO officers then travel to the Coconino County Jail and arrest the alien upon the alien's release from Coconino County Jail. Once arrested, the ICE officers transport the alien to the Phoenix ERO office for processing and if necessary, to a facility used for long-term immigration detention while the alien is in removal proceedings.

9.     The U.S. Marshals Service has an Intergovernmental Service Agreement (IGSA) with Coconino County Jail to, among other things, detain "persons charged with or convicted of violations of federal law." The IGSA specifies that Coconino County "agrees to accept as federal prisoners those persons committed by federal law enforcement officers for violation of federal laws only upon presentation by the officer of proper law enforcement credentials." ICE is an authorized rider on this IGSA. ICE has not presented any aliens to the Coconino County Jail for detention pursuant to the terms of the IGSA since at least April 2017.

10.     When Coconino County Jail informs ICE about an alien's release date and time, and ICE is unable to arrive at the jail to take custody immediately upon release, ICE's detainers request that Coconino County Jail hold the alien for up to

DECLARATION OF SAMANTHA SEAMAN – 4

1    48 hours so that ICE can take custody of the alien.  ICE does not request that

2
3    Coconino County Jail detain the alien pursuant to the terms of the IGSA, as ICE

4    must arrest an alien before the alien can be taken into Coconino County Jail

5    custody as a federal detainee under the IGSA.

6

7

8        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

9
10   foregoing declaration is true and correct.

11

12   DATED THIS 16th day of May, 2018, at Phoenix, Arizona.

13

14

15                        Samantha Seaman

16                        SAMANTHA SEAMAN

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SAMANTHA SEAMAN – 5

EXHIBIT 3

*** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY ***

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| December 28, 2018 at 3:19:51 PM MST | | 66 | 3 | Received |

## DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION DETAINER - NOTICE OF ACTION

| Subject ID: 363460462 | | File No: 205 414 510 |
| Event #: FH01912001085 | | Date: December 28, 2018 |

| TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) COCONINO CO DETENTION FAC <br> 951 E Sawmill Road <br> FLAGSTAFF, AZ 86001 | FROM: (Department of Homeland Security Office Address) <br> PHOENIX, AZ, DOCKET CONTROL OFFICE <br> ERO Phoenix Field Office <br> 2035 N CENTRAL AVE <br> PHOENIX, AZ 85004 |

Name of Alien: MONTELONGO-MORALES, JOSE GUADALUPE

Date of Birth: 12/12/1990      Citizenship: MEXICO      Sex: M

**1. DHS HAS DETERMINED THAT PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON (complete box 1 or 2):**

- [ ] A final order of removal against the alien;
- [ ] The pendency of ongoing removal proceedings against the alien;
- [x] Biometric confirmation of the alien's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or
- [ ] Statements made by the alien to an immigration officer and/or other reliable evidence that affirmatively indicate the alien either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**2. DHS TRANSFERRED THE ALIEN INTO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION (complete box 1 or 2).**

- [ ] Upon completion of the proceeding or investigation for which the alien was transferred to your custody, DHS intends to resume custody of the alien to complete processing and/or make an admissibility determination.

IT IS THEREFORE REQUESTED THAT YOU:

- Notify DHS as early as practicable (at least 48 hours, if possible) before the alien is released from your custody. Please notify DHS by calling [x] U.S. Immigration and Customs Enforcement (ICE) or [ ] U.S. Customs and Border Protection (CBP) at 602-379-3235. If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.
- Maintain custody of the alien for a period **NOT TO EXCEED 48 HOURS** beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. The alien must be served with a copy of this form for the detainer to take effect. This detainer arises from DHS authorities and should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters
- Relay this detainer to any other law enforcement agency to which you transfer custody of the alien.
- Notify this office in the event of the alien's death, hospitalization or transfer to another institution.

- [ ] If checked: please cancel the detainer related to this alien previously submitted to you on _____ (date).

GABRIEL LIMDROS - Deportation Officer

(Name and title of Immigration Officer)          (Signature of Immigration Officer) (Sign in ink)

Notice: if the alien may be the victim of a crime or you want the alien to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE ALIEN WHO IS THE SUBJECT OF THIS NOTICE:

Please provide the information below, sign, and return to DHS by mailing, emailing or faxing a copy to _____.

Local Booking/Inmate #: 10734  2018- Estimated release date/time: Unknown

Date of latest criminal charge/conviction: 12-28-18 Last offense charged/conviction: FTC WARRANT

This form was served upon the alien on 12-28-18, in the following manner:

[x] in person   [ ] by inmate mail delivery   [ ] other (please specify): _____

DSS Steele 451
(Name and title of Officer)

Steele 451
(Signature of Officer) (Sign in ink)

DHS Form I-247A (3/17)

# EXHIBIT 4

# DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# WARRANT OF REMOVAL/DEPORTATION

Subject ID: 363460462
File No: 205 414 510
Event No: PHOL912001035
Date: December 28, 2018

To any immigration officer of the United States Department of Homeland Security:

JOSE GUADALUPE MONTELONGO-MORALES
_____
(Full name of alien)

who entered the United States at _____ on _____
                                        (Place of entry)              (Date of entry)

Is subject to removal/deportation from the United States, based upon a final order by:

[X] an immigration judge in exclusion, deportation, or removal proceedings

[ ] a designated official

[ ] the Board of Immigration Appeals

[ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:
241 (a) 95)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:
Salaries and Expenses, Department of Homeland Security 2019

ENRIQUE M. LUCERO
(Signature of immigration officer)

Field Office Director
(Title of immigration officer)

(Date and office location)

ICE Form I-205 (8/07)

# EXHIBIT "B"

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
01/14/2019 10:45PM
BY: LECLARK
DEPUTY

1  **LAW OFFICE OF**
   **LEE PHILLIPS, P.C.**
2  209 N. Elden St.
   Flagstaff, Arizona 86001
3  (928) 779-1560
   (928) 779-2909 Facsimile
4  LeePhillips@LeePhillipsLaw.com
   State Bar No. 009540
5
   **ROBERT S. MALONE**
6  209 N. Elden St.
   Flagstaff, Arizona 86001
7  (928) 779-1560
   (928) 779-2909 Facsimile
8  bobsmalone@gmail.com
   State Bar No. 017352
9  Attorneys for Plaintiff

10        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11            **IN AND FOR THE COUNTY OF COCONINO**

12
   JOSE MONTELONGO-MORALES, as an )
13 individual, and on behalf of all            )
   others similarly situated,                  )   Case No.  S0300CV2019-00012
14                                              )
                                                )
          Plaintiff,                            )
15                                              )
                                                )   **PLAINTIFF'S MOTION FOR CLASS**
       v.                                       )   **CERTIFICATION PURSUANT TO**
16                                              )   **RULE 23(a) and Rule 23(b)(2) AND**
   JAMES DRISCOLL, Coconino County             )   **SUPPORTING MEMORANDUM OF**
17 Sheriff; MATT FIGUEROA, Jail                )   **LAW**
   Commander of the Coconino County Jail,      )
18                                              )
                                                )
19 all in their official capacities,           )
                                                )
20        Defendants.                           )
                                                )
21 _____

22        Petitioner, Jose Montelongo-Morales ("Plaintiff" or "Montelongo-Morales"),

23 through counsel undersigned, and pursuant to Rule 23, Ariz. R. Civ. P., moves this Court

24 to certify this action as a class action.

25        This Motion is supported by the attached Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

A class action lawsuit is appropriate to challenge Defendants' practice of unlawfully delaying the release of a class of jail detainees, on the sole basis of an "ICE detainer" request and accompanying administrative warrant received from the U.S. Department of Homeland Security that lacks both independent probable cause of a crime and the minimum hallmarks of a judicial warrant. In an effort to clarify the law for himself and for others who are currently and will in the future be subject to this unlawful practice, Plaintiff seeks to certify the following countywide class under Arizona R. Civ. P. 23(a) and 23(b)(2):

> All current and future detainees and inmates of Coconino County
> Detention Facility who currently are or will be the subject(s) of an ICE
> detainer request and/or ICE administrative warrant sent to Defendants.

The proposed class readily satisfies the requirements of numerosity, commonality, typicality, and adequacy in Rule 23(a).[1]

The proposed class includes potentially hundreds of individuals who are currently being harmed and will be harmed by Defendants' current policy and practice of prolonging jail detention without lawful authority. The class raises common legal questions that will generate common answers, including whether Defendants' challenged

---

[1] On September 2, 2016, the Arizona Supreme Court abrogated the then-current version of the Arizona Rules of Civil Procedure. The Court also adopted, with some modifications, the amended Arizona Rules of Civil Procedure which took effect January 1, 2017. As adopted, Ariz .R. Civ. P. 23 is an amended version of the abrogated Rule 23 which brings Arizona's class action rule largely in line with Fed. R. Civ. P. 23, the federal class action rule. *See* Daniel J. McAuliffe and Shirley J. McAuliffe, 2018 Arizona Civil. Rules Handbook p. 454 (complete citation); see also "Prefatory Comments To The 2017 Amendments," 2017 Arizona Civil. Rules Handbook ("If no good reason exists to depart from the newly restyled language of a federal rule, these amendments adopt the restyled federal wording verbatim. These amendments also renumber various subdivisions of Arizona rules to be consistent with the numbering of parallel federal subdivisions.").

policy and practice of delaying the release of jail detainees who are the subject of ICE detainer requests exceeds the Defendants' lawful authority. The class also raises common factual issues because Plaintiff and class members are subject to the same unlawful practice and policy of unlawfully delaying detention absent probable cause of a crime or a valid warrant under state law. Plaintiff's claims are typical of those whom Plaintiff seeks to represent: class members, by definition, are currently suffering and will in the future suffer the same type of unlawfully prolonged jail detention, on the same unlawful basis, and by the same wrongdoers. Plaintiffs are also adequately represented by Plaintiff's counsel, both of whom have significant experience litigating complex civil matters, including successful class action civil rights lawsuits challenging ongoing wrongful conduct by law enforcement agencies.

Plaintiff's proposed class likewise satisfies Rule 23(b)(2) because Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(2).[2] Because Defendants have a written policy, faithfully followed, of unlawfully prolonging the detention of certain of its county inmates without independent probable cause or a valid warrant, they are operating in a manner that is common to Plaintiff and all class members. Consequently, injunctive and declaratory

---

[2] Since Plaintiff seeks only injunctive and declaratory relief, the "requirement is relaxed and plaintiffs may rely on reasonable inference[s] arising from plaintiffs' other evidence that the number of unknown and future members of [the] proposed subclass…is sufficient to make joinder impracticable." *Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579, 586 (C.D. Cal. 2012) (quoting *Sueoka v. United States*, 101 Fed. App'x 649, 653 (9th Cir. 2004)).

1  relief in this case would have the effect of remedying at the same time the legal harm

2  suffered by both Plaintiff and all class members.

3      Accordingly, this Court should grant class certification under Rule 23(b)(2) for

4  purposes of entering Plaintiff's countywide preliminary and permanent injunctions.

5

6  **LEGAL STANDARDS**

7      **A. Satisfying Rule 23(a) & (b) Entitles a Movant to Class Certification.**

8      Supreme Court case law holds that plaintiffs' suit is entitled to Rule 23 class certification

9  if two conditions are met:

10     The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity,
       commonality, typicality, and adequacy of representation), and it also must fit into one of
11     the three categories described in subdivision (b). By its terms this creates a categorical
       rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a
12     class action.

13     *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)
14     (internal citation omitted).

15     State of Arizona procedure has an identical approach to class certification. *Ferrara*

16  *v. 21st Century North Am. Ins. Co.*, 245 Ariz. 377 (Ct. App. 2018) ("Plaintiffs seeking

17  class certification must meet all the requirements of Rule 23(a) and at least one of the

18  requirements of Rule 23(b)."

19     **B. The Proposed Class Satisfies the Numerosity Requirement.**

20     Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is

21  impracticable." Fed. R. Civ. P. 23(a)(1). "There is no bright line rule regarding the

22  number of class members that will satisfy the numerosity prerequisite of rule 23." *London*

23  *v. Green Acres Tr.*, 159 Ariz. 136, 140 (Ct. App. 1988). Moreover, "It is a long-standing

24  rule that 'impractical' does not mean 'impossible', rather, impracticability means only

25  'the difficulty or inconvenience of joining all members of the class.'" *McCluskey v.*

4

*Trustees of Red Dot Corp. Employee Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 675 (W.D. Wash. 2010) (*quoting Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). District courts within the Ninth Circuit have determined that numerosity exists where there is evidence of at least 39 class members, *Patrick v. Marshall*, 460 F. Supp. 23, 26 (N.D. Cal. 1978); where there are at least 25-30 class members, *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000); and where there are 27 prospective class members. *McCluskey, supra.* 268 F.R.D. at 675.

While Plaintiff is not required to "state the exact number of potential class members", *In re Rubber Chemicals Antitrust Litig.*, 232 F.R.D. 346, 350–51 (N.D. Cal. 2005), he can show with some degree of specificity that the number of class members exceeds the presumptive requirements for numerosity. Public records obtained through the federal Freedom of Information Act[3] and independent statements made by Defendant Driscoll both indicate that approximately 70 to 75 class members pass through the Coconino County Detention Facility each year.[4]

Moreover, in assessing the numerosity prong of smaller classes, courts will consider other "indicia of impracticability" such as "geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought." *Jordan v. Los Angeles Cty.*, 669 F.2d 1311, 1319 (9th Cir. 1982), *cert. granted, judgment vacated on other grounds*, 459 U.S. 810 (1982). Here, Plaintiff and proposed class members are and will be – by definition – suspected by ICE of being in the United States without lawful immigration status. *See,*

---

[3] TRAC Immigration: Latest Data: Immigration and Customs Enforcement Detainers, *available at:* http://trac.syr.edu/phptools/immigration/detain/
[4] "Sheriff Jim Driscoll Talks ICE Detainers", THE JEFF ORAVITS SHOW (Sept. 28, 2018), *available at:* https://jefforavits.wordpress.com/2018/09/28/sheriff-jim-driscoll-talks-i-c-e-detainers/ (Interviewer: "On a given day, what's the average number of detainees that you will be holding for ICE". Driscoll: "We generally have about six or seven in custody at any one time that have current ICE holds on them. Annually, we average seventy to seventy-five.")

5

*e.g.,* Compl. at ¶ 22. Many class members do not speak English as their native language and will find it difficult to locate a civil rights attorney to fight their extended detentions (in addition to their likely need for both a criminal defense attorney and immigration attorney). Furthermore, proposed class members are and will be – by definition – detained in a county jail and lack uninhibited access to the internet and phone calls to maintain contact with the outside world. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (noting that many inmates, of necessity, have incredibly limited phone access). Finally, case law confirms that where plaintiffs seek only injunctive and declaratory relief, as opposed to monetary damages, the numerosity requirement is relaxed. *Sueoka v. United States*, 101 Fed. App'x 649, 653 (9th Cir. 2004).

Not only does this class include those like Plaintiff, who are currently being detained, but it also encompasses untold numbers not yet aggrieved by Defendants' unlawful policy. The presence of such future class members renders joinder inherently impractical, thereby satisfying the purpose behind the numerosity requirement. *See, e.g., Ali v. Ashcroft*, 213 F.R.D. 390, 408 (W.D. Wash. 2003) ("[W]here the class includes unnamed, unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met, regardless of class size.") (*quoting Nat'l Ass'n of Radiation Survivors v. Walters*, 111 F.R.D. 595, 599 (N.D. Cal. 1986). Even where numerosity is a close question, a court should still certify the class at this initial stage, subject to decertification if the class turns out to be much smaller. *See Stewart v. associates Consumer Discount Co.*, 183 F.R.D. 189, 194 (E.D. 1998).

**C. The Class Presents Common Questions of Law and Fact.**

To satisfy commonality, Plaintiff must show that "there are questions of law or fact common to the class." Ariz. R. Civ. P. 23(a)(2). A Plaintiff "need not show . . . that every question in the case, or even a preponderance of questions, is capable of class wide

resolution." *Parsons v. Ryan*, 754 F.3d 657, 675 (9ᵗʰ Cir. 2014). Rather, even one shared legal issue can be sufficient. See e.g., *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008) ("Courts have found that a single common issue of law or fact is sufficient.") (citation omitted); *Sweet v. Pfizer*, 232 F.R.D. 360, 367 (C.D. Cal. 2005) ("there must only be one single issue common to the proposed class") (quotation and citation omitted).

Moreover, "individual variation among plaintiffs' questions of law and fact does not defeat underlying legal commonality, because 'the existence of shared legal issues with divergent factual predicates is sufficient' to satisfy Rule 23." *Santillan v. Ashcroft*, 2004 WL 2297990, at *10 (N.D. Cal. Oct. 12, 2004).

In other words, commonality exists where there is found a "common core of factual or legal issues with the rest of the class", even though "the circumstances of each particular class member vary," *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012); *See also, Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579, 588 (C.D. Cal. 2012). Here, Plaintiff and all class members are challenging a common policy that exists at the same jail facility and is being implemented by the same individuals.

For example, the fact that class members may each be facing different underlying criminal charges does not change the common thread of an unlawfully prolonged detention in the county facility. Similarly, the fact that class members may each have been given different bail amounts or other non-monetary conditions of release does not alter the underlying issue in this case – that upon fulfilling all conditions set by the local

7

judge, Defendants will nevertheless refuse to effectuate their release as they are required to do by law. *See, e.g.*, Lyon v. ICE, 300 F.R.D. 628, 642 (N.D. Cal. 2014) (finding commonality where Plaintiffs showed that the challenged prison policy was in place at all three prison facilities identified in the class definition)

Plaintiff and proposed class members thus "have suffered [or will suffer] the same injury" – unlawful detention. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) (*quoting Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). And that common injury is clearly "capable of classwide resolution." *Id*. Should the Court agree that Defendants' policies or practices violate Plaintiff's rights, all who fall within the class will benefit from the requested relief: an injunction preventing Defendants from unlawfully prolonging their detention.. Thus, a common answer as to the legality of the challenged policies and practices will "drive the resolution of the litigation." *Ellis v. Costco Wholesale Corp.*, 657 F. 3d 970, 981 (9th Cir. 2011) (*quoting Wal-Mart*).

### D. Plaintiff's Claims are Typical of Class Members' Claims.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The purpose of the typicality requirement is to "assure that the interest of the named representative aligns with the interests of the class" as a whole. *Hanon v. Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of the absent class members." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014).

In assessing whether the "typicality" requirement is satisfied, the Arizona courts, relying on federal case law, have examined whether: (1) common issues of law and/or

8

fact are presented; (2) the interests of the proposed class representative are antagonistic to those of members of the putative class; and (3) absent class members have suffered the same type of injury as the class representative. *Lennon v. First Nat. Bank of Arizona*, 21 Ariz. App. 306, 518 P.2d 1230 (App. 1974).

Plaintiff's claims are typical of the claims of the proposed class, for largely the same reasons that the class presents common questions of law and fact. Each proposed class member has suffered or will suffer the same injury (unlawfully prolonged detention), based on the same government practice.

Moreover, as with commonality, any factual differences between Plaintiff and proposed class members are not material enough to defeat typicality. *LaDuke v. Nelson*, 762 F. 2d 1318, 1332 (9th Cir. 1985) (The minor differences in the manner in which the representative's rights were violated does not render their claims atypical of those of the class.). In this case, Plaintiff's claims with respect to the government's prolonging his detention are not just typical of other class members. They are the same.

### E. Plaintiff Will Adequately Protect the Interests of the Proposed Class, and Plaintiff's Counsel Is Qualified to Litigate this Action.

Rule 23(a)(4) requires that "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy depends on "the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2009) (internal quotation marks omitted). "Adequacy of representation tends to be assured if the representative's individual interests are the same or similar to other class members." *Persky v. Turley*, 1991 WL 329564, at *3 (D. Ariz. Dec. 20, 1991).

9

Here, Plaintiff's individual interest is perfectly aligned with that of the absent class members – to be held as detainees in Coconino County and experiencing an unlawfully prolonged detention as the sole result of an ICE detainer and accompanying ICE administrative warrant. Plaintiff does not seek any unique or additional benefit from this litigation that may make his interests different from or adverse to those of absent class members. Indeed, Plaintiff seeks exclusively injunctive and declaratory relief and does not seek any monetary damages whatsoever. Instead, Plaintiff's aim is to secure relief that will protect both his own rights and those of future detainees who are likely to find themselves in a similar – if not identical – predicament with regard to Coconino County jail policy. Accordingly, Plaintiff lacks any antagonism with the class, his interests align squarely with the other proposed class members, and no collusion is present.

With respect to counsel, they are considered qualified under Rule 23(a)(4) when they have experience in previous class actions and cases involving the same field of law. See *Lynch v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984); *Marcus v. Heckler*, 620 F. Supp. 1218, 1223-24 (N.D. Ill. 1985); *Adams v. Califano*, 474 F. Supp. 974, 979 (D. Md. 1979). Plaintiff's proposed class counsel have extensive experience litigating class action lawsuits and other complex cases in state and federal court, including civil rights class action lawsuits. *See, e.g.,Arnold v. Arizona Dep't of Pub. Safety*, 2006 WL 2168637, at *1 (D. Ariz. July 31, 2006) (undersigned counsel Lee Phillips as lead counsel in a class action lawsuit against a state law enforcement agency); *Manybeads v. United States of America*, 209 F.3d 1164 (9th Cir. 2000) (undersigned counsel Lee Phillips as lead plaintiff counsel in a class action lawsuit against the federal government).

10

1

### F. Plaintiff Meets the Criteria of Rule 23(b)

2      One of the three authorized categories of class actions listed in Rule 23(b) are suits

3   where "the party opposing the class has acted or refused to act on grounds that apply

4   generally to the class, so that final injunctive relief or corresponding declaratory relief is

5   appropriate respecting the class as a whole." Ariz.R.Civ.P. 23(b)(2). Where, as here, the

6   purpose of a lawsuit "is not the amount of monetary recovery, but the challenge to the

7   policies", a 23(b)(2) class action is appropriate. *Godbey v. Roosevelt Sch. Dist. No. 66 of*

8   *Maricopa Cty.*, 131 Ariz. 13, 17 (Ct. App. 1981).

9      Indeed, this case is the quintessential 23(b)(2) class action: a civil rights lawsuit

10  challenging the ongoing enforcement of a uniformly-enforced illegal policy. *Walters v.*

11  *Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Class membership is expressly defined by

12  Defendants' conduct applicable to all class members – i.e., unlawful policy and practice

13  of prolonging the detention of those detainees for whom the County has received an "ICE

14  detainer" request from the U.S. Department of Homeland Security. Regardless of what

15  this court ultimately rules, the same County policy and practice applies to all class

16  members – so the same final injunctive relief and corresponding declaratory relief is

17  appropriate respecting the class as a whole.

18  **CONCLUSION**

19      For the reasons set forth above, the Class as described at page 2 of this Motion,

20  and at ¶ 68 of Plaintiff's Complaint, is entitled to class certification under Arizona R.

21  Civ. P. 23(a) and 23(b)(2). Accordingly, Plaintiff requests that this Court grant this

22

23  Motion for Class Certification, and thus:

24

25

11

A. Certify the following Class:

**All current and future detainees and inmates of Coconino County Detention Facility who are currently or will be the subject of an ICE detainer request and/or ICE administrative warrant sent to Defendants**

B. Designate Plaintiff Jose Montelongo-Morales as representative of the above

defined Class, and appoint his counsel as class counsel.

RESPECTFULLY SUBMITTED this 14 January 2019.

s/Lee Phillips
Lee Phillips
Attorney for Plaintiff

s/Robert S. Malone
Robert S. Malone
Attorney for Plaintiff

RACUlmmigration

# Latest Data: Immigration and Customs Enforcement Detainers
### ICE Data through April 2018 — see About the Data

Graph Time Scale:

○ by Month

◉ by Fiscal Year

Time Series:

◉ Number

○ Percent

## Arizona - Coconino County - Coconino Co Detention Facility

# Count



Fiscal Year

FY: 2017
Value: 79

State

click on column headings to sort

| State | Total |
|---|---|
| | 2,203,490 |
| | 505,610 |
| | 395,459 |
| | 148,002 |
| | 112,767 |
| | 104,741 |
| | 90,099 |
| | 83,224 |

County-Facility Detainer Sent
State=Arizona

click on column headings to sort

| County-Facility Detainer Sent | Total |
|---|---|
| Pima County - Pima County Jail | 7,365 |
| Maricopa County - Mcso Madison Facility | 3,590 |
| Pinal County - Pinal County Jail | 2,937 |
| Maricopa County - Maricopa Co Lower Buckeye Jail | 2,690 |
| Pima County - Us Marshal - Tucson | 1,867 |
| Pima County - Tucson Fed.Corr.Inst. | 1,502 |
| Yavapai County - Yavapai County Juvenile Detention | 1,397 |
| Maricopa County - Tempe City Jail | 1,304 |
| Coconino County - Coconino Co Detention Facility | 1,192 |

ICE Assumed Custody After Detainer Issued
State=Arizona, County=Facility Detainer Sent=Coconino
County - Coconino Co Detention Facility

click on column headings to sort

| ICE Assumed Custody After Detainer Issued | Total |
|---|---|
| All | |
| ICE withheld | 1,193 |
| | 1,193 |

ICE now withholding this information.

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
01/14/2019 10:45PM
BY: LECLARK
DEPUTY

1 | **LAW OFFICE OF**
**LEE PHILLIPS, P.C.**
2 | 209 N. Elden St.
Flagstaff, Arizona 86001
3 | (928) 779-1560
(928) 779-2909 Facsimile
4 | LeePhillips@LeePhillipsLaw.com
State Bar No. 009540
5 |
**ROBERT S. MALONE**
6 | 209 N. Elden St.
Flagstaff, Arizona 86001
7 | (928) 779-1560
(928) 779-2909 Facsimile
8 | bobsmalone@gmail.com
State Bar No. 017352
9 | Attorneys for Plaintiff

10 | <div align="center">

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

11 | ## IN AND FOR THE COUNTY OF COCONINO
</div>

12 |

JOSE MONTELONGO-MORALES, as an )
13 | individual, and on behalf of all )
others similarly situated, )  Case No. S0300CV2019-00012
14 | )
)
Plaintiff, )
15 | )
v. ) **DECLARATION OF LEE PHILLIPS**
16 | ) **IN SUPPORT OF PLAINTIFF'S**
JAMES DRISCOLL, Coconino County ) **MOTION FOR CLASS**
17 | Sheriff; MATT FIGUEROA, Jail ) **CERTIFICATION**
Commander of the Coconino County Jail, )
18 | )
)
19 | all in their official capacities, )
)
20 | Defendants. )
)
21 |

22 | I, Lee Phillips, declare, in support of my request to be appointed lead class counsel

23 | in this matter, the following regarding my experience with Rule 23(b)(2) civil rights class

24 | actions and other complex litigation in state and federal court.

25 | 1. I was admitted to practice in Arizona and Ohio in 1983.

2. I am admitted to practice in state, tribal and federal courts including the Arizona Superior Court, Arizona Court of Appeals, Arizona Supreme Court, U.S. District Court and the Court of Appeals for the Ninth Circuit.

3. My experience as lead class counsel in Rule 23(b)(2) civil rights class action lawsuits challenging uniformly-enforced illegal policy includes:

- Arnold v. DPS 2006 WL 2168637 (July 31, 2006) (Ninth Cir. 03-15915/District Court CIV-01-1463 PCT-LOA) (Class action racial profiling lawsuit on behalf of African-American and Latino motorists resulting in landmark statewide agreement to collect and analyze data of all traffic stops, searches and arrests conducted by state police, requirement that traffic stops be videotaped and that all consent searches be documented by written consent form and the establishment of Governor's Citizen Advisory Board to monitor traffic stops and searches by state police in Arizona). Successfully litigated Rule 23 issue of first impression involving Magistrate Judge's jurisdiction to preside over a Rule 23 class action.

- Manybeads v. United States of America, 730 F. Supp. 1515 (D. Ariz. 1989), aff'd 209 F.3d 1164 (9th Cir. 2000) (Lead counsel in class action lawsuit challenging the forced relocation provisions of the Navajo – Hopi Indian Land Settlement Act of 1974 as a violation of the Free Exercise Clause of the First Amendment. Dismissed by the district court for failure to join an indispensable party, the Hopi Tribe. On appeal a settlement agreement was reached between the individual Navajo Plaintiffs, the United

States, the Navajo Nation and the Hopi Tribe following five years of mediation conducted by the Ninth Circuit's Mediation Program. The Manybeads settlement agreement was approved by Congress in 1996).

- Attakai v. United States of America, 746 F. Supp. 1395 (D. Ariz. 1990) (Lead counsel in class action lawsuit challenging federal construction projects on Indian land which desecrated Navajo burial and other sacred sites, as a violation of the First Amendment and the National Historic Preservation Act. TRO obtained to halt construction on 1.8 million acres of reservation land. Court later found historic preservation law's requirement of notice and consultation prior to government construction projects applied to traditional Native American cultural sites. Counsel developed and implemented a notice and consultation process between Department of Interior, Navajo Nation, Hopi Tribe and the class of individual practitioners of traditional Navajo religion).

4. My additional complex litigation experience includes:

- State of Arizona v. Norberto Ramos-Madrid, CR2014-0635 (2015) (Client and three others charged with "gang related" murder, aggravated assault (2) and membership in a criminal street gang. Client was charged with stabbing victim 23 times in a street fight with rival gang members. Following 17 month investigation and 6 week jury trial client acquitted of all charges. Co-defendants convicted in separate trials).

3

- <u>Tutty v. Mohave County</u>, CV13-08201-PHX-DJH (2015) (Federal civil rights lawsuit on behalf of two young women who were sexually assaulted by a detention officer while in the custody of the Mohave County Detention Center. Represented victims in the criminal cases where Detention Officer was convicted of both assaults and sentenced to prison. Civil rights lawsuit successfully settled with significant monetary awards provided to both victims).

- <u>State of Arizona v. Alvin Sweeney</u>, 224 Ariz. 107 (2010) (Appellate decision reversing denial of motion to suppress, conviction and prison sentence and establishing guidelines for traffic stops and detention of motorists by Arizona Department of Public Safety drug interdiction officers).

- <u>State of Arizona v. Fish</u>, 1 CA-CR 06-0675 (2010) (Appellate decision reversing murder conviction of retired school teacher attacked by another man while hiking in northern Arizona. Established new law governing the admission of a "victim's" prior acts of violence in self-defense cases).

- <u>Frazier v. City of Flagstaff</u>, CV07-08040-NVW (2009) (Federal civil rights lawsuit by anti-war activist threatened with criminal prosecution for selling t-shirts which contained the names of soldiers killed in Iraq war. Successfully challenged Arizona statute as a violation of client's First Amendment rights).

4

- Begay v. United States of America, Claims Court No. 268-85L; Fed. Cir. No. 88-1011; (Breach of trust, statutory and contractual duty to Navajo Indians by federal relocation program. Resulted in development of guidelines and regulations for the construction of "decent safe and sanitary" housing and pre and post relocation counseling for thousands of Navajo and Hopi Indians relocated by the federal government).

- Davis v. Richards, CIV 76-278 (Class action civil rights/jail conditions lawsuit resulting in construction of a new jail facility and creation of inmate advocate attorney position. Counsel served as co-counsel for inmate population at the original trial in 1983-84 and later successfully brought contempt action in mid-1990's on behalf of inmates for the jail's failure to provide inmates with adequate access to the courts).

- Burrell v. City of Flagstaff, CIV96-1503 PCT SMM (Civil rights/excessive force case on behalf of female officer assaulted by male detective while attempting to protect a handcuffed African-American inmate from being assaulted by the detective; detective fired and settlement reached through mediation).

- Jones v. Sterling (210 Ariz. 308 (2005)) (Established race-based selective enforcement as a defense to criminal charges and standards for the appointment of experts in racial profiling cases in Arizona state courts).

5. Based on my co-representation with Attorney Robert S. Malone in this matter and in Manybeads v. United States of America, a Rule 23(b)(2) civil rights case, it is

5

my belief that Mr. Malone is likewise committed to the vigorous, effective and efficient prosecution of this matter.

6. Plaintiff's counsel have agreed to act jointly as class counsel, if the Court so designate them.

I declare under the penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Executed this 14th day of January, 2019 in Flagstaff, Arizona

s/Lee Phillips
Lee Phillips

# EXHIBIT "C"

BREAKING    Trump announces deal to temporarily reopen government, end longest shutdo...

https://azdailysun.com/news/new-lawsuit-filed-against-sheriff-s-office-ice-detainer-policy/article_eb07c4d2-5d45-5d44-8be4-768fec60841c.html

# New lawsuit filed against Sheriff's Office ICE detainer policy

SCOTT BUFFON Sun Staff Reporter    Jan 17, 2019



Coconino County Sheriff Jim Driscoll speaks during a community forum in 2017. Driscoll has defended his office's compliance with federal requests to detain inmates suspected of being undocumented for an additional 48 hours beyond their release date. A lawsuit has been filed challenging the constitutionality of that jail policy.

Taylor Mahoney, Arizona Daily Sun

TRY 1 MONTH FOR 99¢

Jose Montelongo-Morales was detained in the Coconino County Detention Facility after he did not make a court-ordered payment for being found guilty of driving under the influence in 2015.

But a new class-action lawsuit filed last week alleges that Montelongo-Morales is being "unlawfully" held on an ICE detainer due to his suspected status as an undocumented immigrant.

This is the second lawsuit in the past two years filed against the Coconino County Sheriff's Office for their longstanding policy on ICE detainers, where the Sheriff's Office detains a person suspected of being undocumented for 48 hours to allow the United States Immigration and Customs Enforcement, or ICE, to pick them up.

Coconino County Sheriff Jim Driscoll said he had not yet retrieved notice of the document when asked on Tuesday afternoon. Driscoll is named in the lawsuit with jail commander Matt Figueroa.

Some groups in the county have pushed their view in courts to Flagstaff City Council that these ICE detainers are illegal. Last year, a federal judge dismissed a case filed against the Sheriff's Office policy, leaving it intact.

But Lee Phillips, a local lawyer representing Montelongo-Morales who has lived in Flagstaff since he was about 7 years old, explains that this lawsuit is looking at the same issue from a different angle. Phillips explained that their

new lawsuit alleges that Driscoll exceeded his authority under state law, while last year's suit focused on the violation of a person's civil rights under the federal constitution.

The lawsuit alleges that the current policy does not require a judicial warrant or probable cause to detain a subject beyond their original charges.

"Requests made by immigration officials do not confer state or local law enforcement officers with any authority to arrest, detain or prolong the detention of individuals of civil immigration violations," according to Montelongo-Morales' lawsuit.

Phillips alleges that the policy asks officers to determine reasonable suspicion if an inmate in the detention facility is unlawfully present in the country. This includes having officers ask questions about an inmate's social security, foreign identification and difficulty speaking English.

"You can't keep someone in jail because you have a personal view that you suspect they're in the country unlawfully," Phillips said. "If they want to change the law, I wouldn't like that, but we wouldn't be suing the sheriff if he had any legal authority to do what he's doing."

The class-action lawsuit poses this legal question as a representative party for any detainee that is the subject of an ICE detainer or ICE administrative warrant sent to the defendants Driscoll or Figueroa.

Driscoll said at the time of the first lawsuit that he would comply with whatever order a judge decided.

MORE INFORMATION



ICE protests in Flagstaff leave three protesters arrested

- Coconino County sheriff's policy on ICE holds survives initial round of federal court challenge

# EXHIBIT "D"

**IN THE SUPERIOR COURT, OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF COCONINO**

JOSE MONTELONGO-MORALES, as an
individual, and on behalf of all
others similarly situated,

Case Number: SO300CV2019-00012

Plaintiff,

DECLARATION OF SERVICE

vs

JAMES DRISCOLL, Coconino County
Sheriff; MATT FIGUEROA, Jail
Commander of the Coconino County Jail,

all in their official capacities,

Defendants.

The undersigned certifies under penalty of perjury that I am fully qualified pursuant to RCP 4 (d), 4 (e), and 45 (b), to serve process in this case.

On January 15, 2019, I received the documents listed below from: Law Office of LEE B. PHILLIPS, P.C. SUMMONS, To: JAMES DRISCOLL, Coconino County Sheriff, SUMMONS, To: MATT FIGUEROA, Jail Commander of the Coconino County Jail, COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION RELIEF, AND SPECIAL ACTION, CERTIFICATE OF COMPULSORY ARBITRATION, PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO RULE 23(a) AND RULE 23(b)(2) AND SUPPORTING MEMORANDUM OF LAW,

Entity Served: LYDIA LANGSTON, Administrative Secretary, Coconino County Sheriff
Address where Served: 911 Sawmill Rd., Flagstaff, AZ 86001
Date and Time: January 15, 2019 at 4:01 p.m.
Manner of Service: AUTHORIZED TO ACCEPT

(X) Personal upon: LYDIA LANGSTON, Administrative Secretary, Coconino County Sheriff
( ) Substitute upon:
( ) Posted on door after attempting personal service.
( ) Certified mail return receipt requested on:

Military Status: n/a.     Physical Description: Female White, 30 years, 5'7", 125 lbs., Black hair.

I declare under penalty of perjury the foregoing to be true and correct.

Process Server, Coconino County

Executed On: January 15, 2019
Eugene Bernhard CN-PS 201600002          Service Fee      $ 75.00
Bernhard Investigations
(661) 222-7650
Flagstaff, AZ 86004                      Total            $ 75.00

# EXHIBIT "E"

Person/Attorney Filing: Lee B Phillips
Mailing Address: 209 N. Elden Street
City, State, Zip Code: Flagstaff, AZ 86001
Phone Number: (928) 779-1560
E-Mail Address: leephillips@leephillipslaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009540, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

Jose Montelongo-Morales
Plaintiff(s),                                    Case No.    S0300CV201900012
v.
James Driscoll Coconino County          **SUMMONS**
Sheriff, et al.
Defendant(s).

To: Matt Figueroa Jail Commander of the Coconino County Jail

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 200 N. San Francisco
   St., Flagstaff, Arizona 86001 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of COCONINO

SIGNED AND SEALED this date:*January 9, 2019*

*Valerie Wyant*
Clerk of Superior Court

By:*SCALANDRA*
Deputy Clerk



AZturboCourt.gov Form Set 83104783

Person/Attorney Filing: Lee B Phillips
Mailing Address: 209 N. Elden Street
City, State, Zip Code: Flagstaff, AZ 86001
Phone Number: (928) 779-1560
E-Mail Address: leephillips@leephillipslaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009540, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF COCONINO

Jose Montelongo-Morales
Plaintiff(s),

Case No.   S0300CV201900012

v.

James Driscoll Coconino County
Sheriff, et al.

**SUMMONS**

Defendant(s).

To: James Driscoll Coconino County Sheriff

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 200 N. San Francisco
   St., Flagstaff, Arizona 86001 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of COCONINO

SIGNED AND SEALED this date:*January 9, 2019*

*Valerie Wyant*
Clerk of Superior Court

By:*SCALANDRA*
Deputy Clerk



Person/Attorney Filing: Lee B Phillips
Mailing Address: 209 N. Elden Street
City, State, Zip Code: Flagstaff, AZ 86001
Phone Number: (928) 779-1560
E-Mail Address: leephillips@leephillipslaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 009540, Issuing State: AZ

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
01/09/2019 8:08PM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201900012
HON. CATHLEEN BROWN NICHOLS

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

Jose Montelongo-Morales
Plaintiff(s),

v.

James Driscoll Coconino County
Sheriff, et al.
Defendant(s).

Case No.

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Coconino County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Lee B Phillips /s/
Plaintiff/Attorney for Plaintiff

# EXHIBIT "F"

1   Michele Molinario, Bar #020594
    John T. Masterson, Bar #007447
2   Derek R. Graffious, Bar #033486
    Justin M. Ackerman, Bar #030726
3   JONES, SKELTON & HOCHULI, P.L.C.
    40 North Central Avenue, Suite 2700
4   Phoenix, Arizona  85004
    Telephone:  (602) 263-1746
5   Fax:  (602) 200-7831
    mmolinario@jshfirm.com
6   jmasterson@jshfirm.com
    dgraffious@jshfirm.com
7   jackerman@jshfirm.com
    minuteentries@jshfirm.com
8
    Attorneys for Defendants Sheriff James
9   Driscoll and Commander Matt Figueroa

10

## SUPERIOR COURT OF THE STATE OF ARIZONA

11

## COUNTY OF COCONINO

12

13   JOSE MONTELONGO-MORALES, as an
     individual, and on behalf of all others similarly
14   situated,

15                                          Plaintiff,

16          v.

17   JAMES DRISCOLL, Coconino County
     Sheriff; MATT FIGUEROA, Jail Commander
18   of the Coconino County Jail, all in their
     official capacities,

19                                       Defendants.

20

NO. S0300-CV201900012

**DEFENDANTS' NOTICE OF
REMOVAL TO UNITED STATES
DISTRICT COURT**

(Assigned to the Honorable Cathleen Brown
Nichols)

21   TO:   Clerk of Court
           Superior Court of Arizona – Coconino County

22          Please take notice that Respondents James Driscoll and Matt Figueroa, on April 2, 2018,

23   have filed a Notice of Removal to the United States District Court, for the District of Arizona.

24   A copy of said Notice of Removal (exclusive of exhibits), electronically filed with the United

25   States District Court, District of Arizona, is attached hereto as **Exhibit "A".**

7318290.1

Please also take notice that Defendants filed their Response in Opposition to Plaintiff's Application for Class Certification, with the United States District Court, simultaneously with the subject Notice of Removal on , and that the filing of the Notice of Removal divests this Court of all jurisdiction, including the power to rule on Plaintiff's request for a injunctive relief or class certification.

Pursuant to 28 U.S.C. §1446(d), the filing of a Notice of Removal and service of this pleading on the Court and opposing counsel divests the Court of all jurisdiction to continue any matter in this case, including ruling on Plaintiff's request for a temporary restraining order. 28 U.S.C § 1446(d) ("Notice to adverse parties and State court.--Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and ***the State court shall proceed no further unless and until the case is remanded***.") (Emphasis added). In *Adair Pipeline Co. v Pipeliners Local Union,* 325 F2d 206 (5th Cir. 1963), the 5th Circuit Court of Appeals, in a per curiam opinion, stated that it agreed with, approved the opinion of, and affirmed the judgment of the district judge in *Adair Pipeline Co. v Pipeliners Local Union,* 203 F Supp 434, 437 (S.D. Tex 1962), wherein the District Court found that a temporary injunction and final judgment issued by a state judge in a state case, in which plaintiff was seeking damages and an injunction against picketing, boycotting, and other alleged acts being performed by the defendants against the plaintiff company, were void where the temporary injunction and final judgment were issued by the state judge after the defendants' petition for removal was filed in the federal court and a copy thereof was hand-delivered both to the state court judge and to opposing counsel by the attorney for the defendants. *See also Styers v. Pico, Inc.,* 236 Ga. 258, 259, 223 S.E.2d 656, 657 (1976 ) ("There is substantial case precedent that removal to a federal court pursuant to 28 U.S.C.A. § 1446 halts all further proceedings in the state court, which thereupon loses jurisdiction unless and until the case is

remanded.")[1]; *Case Indus. Supply Co., Inc. v. Truck Drivers & Helpers Local 317*, 43 A.D.2d 1012, 1012, 352 N.Y.S.2d 314, 315 (1974) ("Before Special Term granted the preliminary injunction the appellants moved for removal of the matter to Federal court and complied with the requirements of 28 U.S.C. s 1441 et seq. to effectuate that removal. Accordingly, Special Term was without jurisdiction in the matter and its preliminary injunction is void and the order granting it is reversed.").

Accordingly, Defendants note that any hearing currently set regarding Plaintiff's Request for injunctive relief or class certification must be vacated, and that this matter is removed to the United States District Court, District of Arizona, pursuant to 28 U.S.C. §§ 1331, 1441, 1446.

DATED this 25th day of January 2019.

JONES, SKELTON & HOCHULI, P.L.C.


By  */s/ Michele Molinario*
    Michele Molinario
    John T. Masterson
    Derek R. Graffious
    Justin M. Ackerman
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendants Sheriff James Driscoll
    and Commander Matt Figueroa

---

[1] Citing *Kern v. Huidekoper*, 103 U.S. 485, 26 L.Ed. 354 (1881);*Chesimard v. Kuhlthau*, 370 F.Supp. 473 (D.C.N.J.1974); *Sands v. Geller*, 321 F.Supp. 558, 559 (S.D.N.Y.1971); *Fossey v. State*, 254 Ind. 173, 258 N.E.2d 616 (1970); *State ex rel. Gremillion v. NAACP*, 90 So.2d 884 (La.App.1956); *Hopson v. North American Insurance Co.*, 71 Idaho 461, 233 P.2d 799 (1951).

1  ORIGINAL of the foregoing electronically filed via
   TurboCourt this 25th day of January 2019.
2
   COPY of the foregoing mailed
3  this 25th day of January 2019, to:

4  Lee Phillips
   Robert S. Malone
5  Law Office of Lee Phillips, P.C.
   209 N. Elden St.
6  Flagstaff, AZ 86001
   *Attorneys for Plaintiff*
7
   Kathleen E. Brody
8  William B. Peard
   ACLU Foundation of Arizona
9  3707 North 7th Street, Suite 235
   Phoenix, AZ 8501
10 *Attorneys for Plaintiff*

11

12   */s/ Cindy Castro*

13

14

15

16

17

18

19

20

21

22

23

24

25

26