Kathleen E. Brody (Bar No. 026331)
William B. Peard (Bar No. 033831)
**ACLU FOUNDATION OF ARIZONA**
3707 North 7th Street, Suite 235
Phoenix, Arizona 85014
 (602) 650-1854
kbrody@acluaz.org
bpeard@acluaz.org

Lee Phillips (Bar No. 009540)
**LAW OFFICE OF LEE PHILLIPS, P.C.**
209 N. Elden St.
Flagstaff, Arizona 86001
(928) 779-1560
LeePhillips@LeePhillipsLaw.com

Robert S. Malone (Bar No. 017352)
**LAW OFFICE OF ROBERT S. MALONE**
209 N. Elden St.
Flagstaff, Arizona 86001
(928) 779-1560
bobsmalone@gmail.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Montelongo-Morales, as an individual, and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>v.<br><br>James Driscoll, Coconino County Sheriff; Matt Figueroa, Jail Commander of the Coconino County Jail, all in their official capacities,<br><br>             Defendants. | Case No. 3:19-cv-08025-PCT-ROS<br><br>CLASS ACTION COMPLAINT<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1.     This suit challenges Coconino County Sheriff Jim Driscoll's policy and practice of unlawfully exceeding his authority under Arizona law by routinely depriving persons of their liberty for suspected civil violations of federal immigration law.

2.     This policy and practice of preventing individuals from being released from the Coconino County Detention Facility, solely because of a request by immigration officials and without a judicial warrant or probable cause of a crime, is contrary to Arizona law and *ultra vires*, under the applicable federal statutes and regulations.

3.     Arizona sheriffs' powers are strictly limited to those expressly granted by the Arizona statutes. Requests made by immigration officials do not confer state or local law enforcement officers with any authority to arrest, detain, or prolong the detention of individuals for civil immigration violations. The Coconino County's policy and practice of placing a U.S. Immigrations Customs Enforcement detainer (sometimes referred to as "ICE hold" or "immigration detainer") based on immigration requests made by the U.S. Immigration and Customs Enforcement agency ("ICE") will result in Plaintiff invariably remaining in jail longer than state law allows. This is true, even where the ICE request to the Sheriff is accompanied by or otherwise styled as a "administrative warrant," "ICE warrant," or "warrant of removal/deportation."

4.     The Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.*, generally prohibits local law enforcement officers from performing "a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States," 8 U.S.C. § 1357(g)(1), except pursuant to a written agreement under § 1357(g)(1)-(3) or another narrow exception defined by federal statute, *see, e.g.*, 8 U.S.C. § 1252c. Sheriff Driscoll has neither a written agreement with the United States pursuant to § 1357(g)(1)-(3) nor meets any of the other narrow exceptions of the federal statute that would otherwise permit him to make an immigration arrest or otherwise delay Plaintiff's release from the county jail.

5.      Sheriff Driscoll holds people for up to 48 hours after state law requires their release. Plaintiff and putative class members are likely – if not almost certain – to fall victim to this prolonged and unlawful detention at the Coconino County Detention Facility upon completing all of their conditions of release under state law.

6.      On behalf of himself and a class of similarly situated persons, Plaintiff seeks preliminary and permanent injunctive relief, as well as a declaratory judgment determining that the policy and practice challenged here exceeds Sheriff Driscoll's authority under both Arizona law and federal law, and is thus unlawful.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Defendants have stated their intention to act in contravention of applicable federal statutes and regulations. *See* 8 U.S.C. §§ 1357(g) and 1252c; 8 C.F.R. 287, *et seq*.

8.      This complaint seeks declaratory and injunctive relief, which is authorized by 28 U.S.C. §§ 2201, 2202, and 1343. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367, as the state law claim is so related to the claim arising under the federal laws as to form part of the same case or controversy.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is currently detained within the District of Arizona, Plaintiff resides in the District of Arizona, and a substantial part of the events or omissions giving rise to this claim occurred in the District of Arizona.

## PARTIES

10.      Plaintiff Jose Montelongo-Morales resides in Flagstaff, Arizona, with his family, including his three small children.

11.      Plaintiff is currently held as a detainee in the Coconino County Detention Facility, a county jail located at 951 E. Sawmill Road in Flagstaff, Arizona.

12.      Plaintiff has been continuously held by the Coconino County Sheriff's Office since December 28, 2018.

13.    Defendant Jim Driscoll is the Coconino County Sheriff and has served as the Coconino County Sheriff during all times relevant to this action.  Mr. Driscoll is sued in his official capacity.

14.    Mr. Driscoll's duties include taking charge of and keeping the county jail, as well as the prisoners in the county jail, pursuant to A.R.S. §§ 11-441(A)(5), 31-301, and 48-4002(F).

15.    Defendant Matt Figueroa is an employee of Coconino County Sheriff's Office and serves as the Jail Commander of the Coconino County Detention Facility.

16.    Defendant Matt Figueroa may formulate jail policy, subject to Defendant Driscoll's review and approval.

17.    Defendant Matt Figueroa is responsible for overseeing the day-to-day operations of the Coconino County Detention Facility.

18.    Defendant Matt Figueroa has supervisorial responsibility over all civilian Coconino County Sheriff's Office employees working at the Coconino County Detention Facility, including those civilian employees responsible for accepting and/or processing bail and fines.

## STATEMENT OF FACTS

### The Coconino County Sheriff's Office Local Policy

19.    Upon information and belief, the Coconino County Sheriff's Office has had in place since at least January 2008 a written jail policy that sets out the appropriate steps for jail staff to take when encountering an inmate who is suspected of being in the United States without lawful immigration status.

20.    On July 28, 2017, Defendant Matt Figueroa drafted the current version of the jail policy that forms the basis of the state law violations complained of in this action. (*See* Exhibit 1, Sheriff's Policy Re: "Suspected Illegal Immigrant Inmates.")

21.    The current jail policy instructs Coconino County Detention Facility staff not to physically release detainees who are the subject of "ICE Detainers" for up to an

4

additional 48 hours after the detainee has satisfied all local conditions of release. This policy of delayed release allows ICE sufficient time to take custody of the detainee. Pursuant to this jail policy, a detainee subject to an ICE detainer is released prior to 48 hours only if ICE arrives within the 48 hours to take custody of the detainee or if ICE notifies jail staff that it has dropped the ICE detainer. (*See* Exhibit 2, Declaration of Samantha Seaman, Assistant Field Director, ICE Phoenix Office.)

22.     The jail policy described above instructs Coconino County Sheriff's Office personnel to prolong the detention of a subset of detainees beyond the time that they would otherwise be held by Coconino County Sheriff's Office.

23.     The jail policy described above requires Coconino County Sheriff's Office personnel to prolong the detention of a subset of detainees on the exclusive basis of the existence of an "ICE detainer" and an accompanying "ICE administrative warrant."

**Plaintiff's Initial Arrest**

24.     Plaintiff was arrested by Flagstaff Police on December 28, 2018.

25.     On December 28, 2018, Plaintiff was booked into the Coconino County Detention Facility on a failure to appear warrant previously issued by the Flagstaff Municipal Court.

26.     On January 2, 2019, Plaintiff was arraigned before the Flagstaff Municipal Court and a show cause hearing was set in his case for January 16, 2019.

27.     Plaintiff is currently being held in the Coconino County Detention Facility by order of the Flagstaff Municipal Court and pursuant to Arizona statutes.

28.     At no time did Coconino County officials bring criminal charges against Plaintiff.

29.     Upon information and belief, at no time have federal authorities communicated to Defendants or to Coconino County Sheriff's Office personnel that there is probable cause to believe that Plaintiff violated any criminal statutes.

30.     Upon information and belief, Plaintiff does not have any outstanding criminal warrants for his arrest from other jurisdictions.

31.     Plaintiff does not stand charged in any other state with a felony crime.

32.     Plaintiff is currently being held in the Coconino County Detention Facility as a detainee of Coconino County Sheriff's Office and is fully under the custody of Coconino County Sheriff's Office.

33.     Plaintiff is not currently being held in the Coconino County Detention Facility pursuant to an intergovernmental agreement with a federal agency.

34.     Plaintiff is not currently a federal inmate.

### ICE Involvement in Plaintiff's Case

35.     On or about December 28, 2018, ICE officials located in Phoenix, Arizona, became aware that Plaintiff was in the custody of the Coconino County Sheriff's Office.

36.     On December 28, 2018, ICE officials located in Phoenix, Arizon, sent two documents to the Coconino County Detention Facility related to Plaintiff:  one document entitled "Department of Homeland Security Immigration Detainer – Notice of Action" and imprinted with the form number "I-247A"; and a second document entitled "U.S. Department of Homeland Security Warrant of Removal/Deportation" and imprinted with the form number "I-205."  (*See* Exhibits 3, 4.)

37.     On January 29, 2019, ICE officials located in Phoenix, Arizona, sent two documents to the Coconino County Detention Facility related to Plaintiff: one document titled "Department of Homeland Security Immigration Detainer – Notice of Action" and imprinted with the form number "I-247A"; and a second document entitled "Warrant for Arrest of Alien" and imprinted with the form number "I-200." *See* Doc. 9. The Form I-247A is identical to the one described in Paragraph 36, above. The Form I-200 was intended by ICE to replace and supersede the Form I-205 described in Paragraph 36, above. Thus, at the time of this filing, the only two operative documents received by Defendants in relation to Plaintiff is the Form I-247A and Form I-200.

38.     Aside from the documents referenced in Paragraphs 36 and 37, above, the Coconino County Sheriff's Office has received no other documents from ICE related to Plaintiff.

39.     The Form I-247A provided to the Coconino County Detention Facility on December 28, 2018, and again on January 29, 2019, nowhere indicates that ICE has formed probable cause to believe that Plaintiff violated any criminal laws.

40.     Nowhere on the Form I-247A provided to the Coconino County Detention Facility on December 28, 2018, and again on January 29, 2019, appears the words "misdemeanor" or "felony."

41.     The Form I-247A provided to the Coconino County Detention Facility on December 28, 2018, and again on January 29, 2019, is signed by an ICE "immigration officer."

42.     The above-referenced immigration officer who signed the Form I-247A at issue in this action is an employee of ICE.

43.     ICE is a law enforcement agency.

44.     The immigration officer who signed the Form I-247A at issue in this action is a law enforcement officer.

45.     The immigration officer who signed the Form I-247A at issue in this action is not a judge.

46.     The immigration officer who signed the Form I-247A at issue in this action is not a "magistrate," as that term is used in A.R.S. §§ 13-3898, 13-3907, and 1-215, and the Arizona Rules of Criminal Procedure.

47.     The immigration officer who signed the Form I-247A at issue in this action is personally involved in the investigation of violations of federal immigration laws and is neither detached nor neutral.

48.     The Form I-200 provided to the Coconino County Detention Facility on January 29, 2019, is titled a "Warrant for Arrest of Alien" and was signed by an "immigration officer" employed by ICE.

49.     The Form I-200 at issue in this action does not articulate any reasonable suspicion or probable cause to believe that Plaintiff violated any criminal laws.

50.     Neither the word "misdemeanor" nor the word "felony" appears anywhere

7

on the Form I-200 at issue in this action.

51.     The immigration officer who signed the Form I-200 at issue in this action is a law enforcement officer.

52.     The immigration officer who signed the Form I-200 at issue in this action is an employee of ICE.

53.     The immigration officer who signed the Form I-200 at issue in this action is not a judge.

54.     The immigration officer who signed the Form I-200 at issue in this action is not a "magistrate," as that term is used in A.R.S. §§ 13-3898, 13-3907, and 1-215, and the Arizona Rules of Criminal Procedure.

55.     The Form I-200 at issue in this action was not signed by a judge or by a magistrate.

56.     The Form I-200 at issue in this action was not reviewed by a judge or by a magistrate.

57.     The Form I-200 at issue in this action was issued by an immigration officer who is involved in the investigation of Plaintiff's alleged violation of federal immigration laws, who is neither detached or neutral.

58.     The Form I-200 at issue in this action was not supported by the oath or affirmation of any government official as required by law.

59.     Any future prolonged detention of Plaintiff based solely upon the Forms I-247A and I-200 is a warrantless arrest for purposes of A.R.S. § 13-3883 and other applicable state laws.

**Coconino County Sheriff's Office Detention of Plaintiff**

60.     On January 2, 2019, the Flagstaff Municipal Court set conditions of release.

61.     Those conditions, in their totality were that Plaintiff pay a $200.00 cash bond.

62.     By the terms of the Commitment/ Release Order issued in Plaintiff's case on January 2, 2019, the above-mentioned conditions of release were the only conditions

8

of release set by the Flagstaff Municipal Court.

63.     The Determination of Release Conditions described in Paragraphs 60-62, above, is still in force at this time and has not been rescinded, modified, superseded or otherwise amended since its initial issuance on January 2, 2019.

64.     The Flagstaff Municipal Court derives its authority to set conditions of release from A.R.S. § 13-3967 and from Article II, section 22 of the Arizona Constitution, because Plaintiff was detained pursuant to a Failure to Appear Warrant issued by the Flagstaff Municipal Court.

65.     As it currently stands, without intervention by this Court, Plaintiff will almost certainly be detained for up to an additional 48 hours, without lawful authority, upon completion of all conditions of release described in Paragraphs 60-62, above.

## CLASS ACTION ALLEGATIONS

66.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **All current and future detainees and inmates of Coconino County Detention Facility who are currently or will be the subject of an ICE detainer request and/or ICE administrative warrant sent to Defendants.**

67.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

68.     Defendants' practices and omissions are being applied uniformly to all members of the Class.

69.     Absent relief granted by this Court, all future members of the Class will be treated similarly to Plaintiff and similarly to one another.

70.     All members of the Class are and will be similarly affected by the unlawful practices of Defendants.

9

71.     Based on public records available at this time, it is apparent that the number of Class members is so large as to make joinder impractical, if not impossible.

72.     The claims asserted by Plaintiff in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendants, and the relief sought within the Class is common to the members of each.

73.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

## CAUSES OF ACTION

### COUNT ONE:
### INJUNCTIVE RELIEF FOR VIOLATION OF FEDERAL LAW

74.     The allegations described above constitute violations of Plaintiff's rights, as Defendants have stated their intention to act in contravention of applicable federal statutes and regulations. *See* 8 U.S.C. §§ 1357(g) and 1252c, and 8 C.F.R. 287, *et seq*.

75.     Plaintiff can demonstrate both a likelihood of success on the merits and a probability (not merely possibility) of irreparable harm if the Court does not grant relief.

76.     Plaintiff can show that there will be no hardship to Defendants if relief is granted, and that Plaintiff will suffer immeasurably if this Court does not grant relief.

### COUNT TWO:
### INJUNCTIVE RELIEF FOR VIOLATION OF STATE LAW

77.     The allegations described above constitute violations of Plaintiff's rights, as Defendants have stated their intention to exceed their state warrantless arrest authority granted them by the state legislature.

78.     Plaintiff can demonstrate both a likelihood of success on the merits and a probability of irreparable harm if the Court does not grant relief.

79.     Plaintiff can show that there will be no hardship to Defendants if relief is granted, and that Plaintiff will suffer immeasurably if this Court does not grant relief.

## COUNT THREE:
## DECLARATORY RELIEF

80.     Plaintiff is entitled to a declaration that Defendants' policy and practice of preventing individuals from being released from custody solely because of a request by immigration officials, and without a judicial warrant or probable cause, of a crime is contrary to Arizona law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

A.     Certify this action as a class action, pursuant to Rule 23(b)(1) or 23(b)(2), Fed. R. Civ. P.;

B.     Define the certified class, pursuant to Rule 23(c)(1)(B), Fed. R. Civ. P., as

> "all current and future detainees and inmates of Coconino County Detention Facility who are currently or will be the subject of an ICE detainer request and/or ICE administrative warrant sent to Defendants";

C.     Appoint undersigned counsel as class counsel, pursuant to Rule 23(g), Fed. R. Civ. P.;

D.     Declare that the provisions of Defendants' jail policy permitting Coconino County Sheriff's Office employees to prolong the detention of detainees and inmates at the Coconino County Detention Facility for up to 48 additional hours, based solely on suspicion of civil violations of federal immigration law, exceeds Defendants' state law authority;

E.     Declare that the provisions of Defendants' jail policy permitting Coconino County Sheriff's Office employees to prolong the detention of detainees

11

1    and inmates at the Coconino County Detention Facility for up to 48

2    additional hours, based solely on suspicion of civil violations of federal

3    immigration law, is contrary to applicable federal statutes and regulations.

4    *See* 8 U.S.C. §§ 1357(g) and 1252c, and 8 C.F.R. 287, *et seq.*

5    F.    Preliminarily and permanently enjoin, as violative of both state and federal

6          law, Defendants, their officers, agents, servants, and employees from

7          holding or otherwise detaining Plaintiff and class members in excess of

8          sixty minutes beyond the moment that Coconino County Sheriff's Office

9          confirms that Plaintiff has met all conditions of release set by the Flagstaff

10         City Court on January 2, 2019;

11   G.    Preliminarily and permanently enjoin Defendants, their officers, agents,

12         servants, employees, and attorneys from notifying or in any way

13         communicating with ICE regarding the predicted or anticipated release

14         date and release time of Plaintiff, as any such communication in this

15         instance would, by implication, be done in a deliberate effort by

16         Defendants to undermine other relief granted by this Court;

17   H.    Grant such other relief as this Court may deem just and proper.

18   Dated this 1st day of February, 2019.

19                                        **ACLU FOUNDATION OF ARIZONA**

20                                        By /s/ *Kathleen E. Brody*
21                                        Kathleen E. Brody
                                          William B. Peard
22

23                                        **LAW OFFICE OF LEE PHILLIPS, P.C.**
                                          Lee Phillips
24

25                                        **LAW OFFICE OF ROBERT S. MALONE**
                                          Robert S. Malone
26

27                                        *Attorneys for Plaintiff*

28

                                          12

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.  Notice of this filing will be  sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/ Kathleen E. Brody
Kathleen E. Brody