1  Kathleen E. Brody (Bar No. 026331)
   William B. Peard (Bar No. 027280)
2  **ACLU Foundation of Arizona**
   3707 North 7th Street, Suite 235
3  Phoenix, AZ 85014
   Telephone: 602-650-1854
4  kbrody@acluaz.org
   bpeard@acluaz.org
5

6  **LAW OFFICE OF**
   **LEE PHILLIPS, P.C.**
7  209 N. Elden St.
   Flagstaff, Arizona 86001
8  (928) 779-1560
   (928) 779-2909 Facsimile
9  LeePhillips@LeePhillipsLaw.com
   State Bar No.  009540
10

11 **ROBERT S. MALONE**
   209 N. Elden St.
12 Flagstaff, Arizona 86001
   (928) 779-1560
13 (928) 779-2909 Facsimile
   bobsmalone@gmail.com
14 State Bar No. 017352

15 *Attorneys for Plaintiff*

16

17                 **UNITED STATES DISTRICT COURT**

18                 **FOR THE DISTRICT OF ARIZONA**

19 Jose Montelongo-Morales, as an          )
   individual, and on behalf of all others )
20 similarly situated,                      )  Case No. 3:19-cv-08025-PCT-ROS
                                            )
21                                          )
           Plaintiff,                       )
22                                          )  **PLAINTIFF'S NOTICE OF PENDING**
                                            )  **RULE 65 MOTION AND REQUEST**
23 v.                                       )  **FOR EXPEDITED BRIEFING**
                                            )  **SCHEDULE**
24 James Driscoll, Coconino County          )
   Sheriff; Matt Figueroa, Jail Commander of)
25 the Coconino County Jail, all in their   )
   official capacities,                     )
26                                          )
                                            )
27         Defendants.                      )
                                            )
28 ─────────────────────────────────────── )

1    This Notice is to make the Court aware of Plaintiff's Motion for a Temporary

2    Restraining Order/Preliminary Injunction ("TRO Motion"), which he filed in Coconino

3    County Superior Court on January 28, 2019 (Ex. 1). That motion, which Plaintiff hereby

4    renews in this Court, seeks to prevent his imminent illegal arrest by Defendants, which is

5    slated to occur in mid-February, and which will irreparably harm Plaintiff by depriving

6    him of his liberty without any basis in Arizona law. Plaintiff therefore respectfully

7    requests that the Court order Defendants to respond by February 7, 2019, and set a

8    hearing date for February 13 or earlier.

9    Although Defendants' removal to this Court on January 25 was both procedurally

10   and substantively improper, Plaintiff has filed an Amended Complaint (Doc. 13) so that

11   this Court has jurisdiction over this case.[1] This is the only way for Plaintiff to obtain

12   meaningful relief, because Defendants' improper removal meant that litigating remand

13   would run out the clock before the TRO Motion could be decided. Due to the imminent

14   nature of this threatened harm, Plaintiff seeks an expeditious adjudication in this Court

15   of his TRO Motion, which he originally filed in Arizona state court on January 28 –

16   before Defendants effected removal to this Court.

17   Although Defendant's Notice of Removal (Doc. 1) was filed with this Court on

18   January 25, 2019 (before the pending TRO Motion was filed in state court), jurisdiction

19   did not vest in this Court on that date because neither Plaintiff nor the state court

20   received notice of the removal until January 28. *See* 28 U.S.C. § 1446(d) ("Promptly

21   after the filing of such notice of removal of a civil action the . . . defendants shall give

22   written notice thereof to all adverse parties and shall file a copy of the notice with the

23   clerk of such State court, ***which shall effect the removal*** (emphasis added); *see also* LR

24

---

25   [1] Plaintiff's original complaint – filed in Coconino County Superior Court on January 9,
26   2019 – pled exclusively a state law claim: that Defendants lack authority *under state law*
     to arrest him based on an immigration detainer.  Contrary to Defendants' assertion that
27   there existed "intertwined federal questions," Doc. 1 at 8, Plaintiff's claim was a purely
     state-law issue. Nevertheless, the Court now has jurisdiction over Plaintiff's Amended
28   Complaint because Plaintiff asserts a state-law claim and a federal-law claim.

1  Civ 3.6(a) ("The notice [of removal] must contain an affirmative statement that a copy of
2  the notice has been filed with the clerk of the state court from which the action or
3  prosecution has been removed.").

4      Plaintiff is seeking prompt preliminary relief because he is scheduled to be
5  released from Coconino County jail in mid-February, at which time Defendants are
6  anticipated to commence an unlawfully prolonged detention of Plaintiff at the Coconino
7  County Detention Facility. The state court had originally scheduled a hearing on the
8  pending TRO Motion for January 31, but Defendants had already filed their notice of
9  removal in this Court, unbeknownst to the state court at the time. Plaintiff therefore
10  respectfully requests that this Court set an expedited briefing schedule on Plaintiff's
11  pending TRO Motion and set a hearing as soon as possible, to avoid further delay of the
12  resolution of this time-sensitive matter.

13
                                **BACKGROUND**
14
         On January 9, 2019, Plaintiff Jose Montelongo-Morales, as an individual and on
15
    behalf of all others similarly situated, filed a Complaint for Declaratory Relief,
16
    Injunctive Relief and Special Action, and a Motion for Class Certification in the
17
    Superior Court of Coconino County, titled *Montelongo-Morales, et al. v. James Driscoll,*
18
    *et al.*, Case No. CV2019-00012 (the "Superior Court Action"). Docs. 1-3. The
19
    documents were served on Defendants, the Sheriff and Jail Commander for Coconino
20
    County, on January 15, 2019.
21
         Because Plaintiff expects to be released from jail in mid-February, counsel for
22
    Plaintiff intended to file a motion for preliminary relief. On January 23, 2019, counsel
23
    for Plaintiff contacted the chambers of the assigned Superior Court Judge, Cathleen
24
    Nichols, to notify chambers of the forthcoming motion. Upon learning that the Phoenix
25
    law firm of Jones, Skelton & Hochuli, P.L.C., would be representing Defendants,
26
    counsel for Plaintiff promptly emailed Michele Molinario of that firm to inform her of
27
    Plaintiff's forthcoming motion and to ensure that a hearing scheduled on the motion
28

1    would accommodate her schedule. (Ex. 2).  Ms. Molinario responded by email on

2    January 24.

3        The next day, January 25, counsel for Plaintiff and Ms. Molinario exchanged

4    emails in an effort to find a mutually agreeable time, consistent with the Superior

5    Court's schedule, for a hearing on Plaintiff's motion for preliminary relief. The same

6    day, Defendants filed a Notice of Removal in this Court. Doc. 1. Defendants did not

7    "promptly" notify Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d), and Plaintiff's

8    counsel did not learn of the Notice of Removal until January 28 through the CM/ECF

9    system. Rather than promptly emailing Plaintiff's counsel at the same email address

10   utilized earlier that day, Defendants' counsel certified to this Court that all four attorneys

11   representing Plaintiff (Lee Phillips, Robert Malone, Kathleen Brody, and William Peard)

12   are non-CM/ECF participants and that the Notice of Removal was mailed to counsel.

13   Doc. 1 at 10. To the contrary, counsel for Plaintiff are – and have been – registered

14   CM/ECF users.[2] Counsel for Defendants also failed to notify the Coconino County

15   Superior Court Clerk or Judge of the removal to federal court, making the removal

16   ineffective. *Transitional Learning Cmty. at Galveston, Inc. v. Metro. Life Ins. Co.*, 895

17   F. Supp. 153, 154 (S.D. Tex. 1995) ("It is so elementary as to hardly require stating that

18   removal is effective *only* when the state court receives actual or constructive knowledge

19   of the removal and all adverse parties have been notified.") (citations omitted). As a

20   result, Counsel for Plaintiff filed the TRO Motion in the Superior Court on Monday

21   morning, January 28 (Ex. 1), and the Superior Court Judge promptly scheduled a hearing

22   on the TRO Motion for Thursday, January 31, 2019, at 10:00 a.m. (Ex. 3).

23

24

25   [2] Ms. Molinario was personally aware that at least two of Plaintiff's counsel were
     registered CM/ECF users. Ms. Molinario and her colleagues at Jones, Skelton & Hochuli
26   had recently represented clients in federal court, in a case brought by Plaintiff's attorneys
     William Peard and Kathleen Brody of the ACLU Foundation of Arizona. Ms. Molinario,
27   Mr. Peard, and Ms. Brody all utilized the CM/ECF system in that litigation. *See Tenorio-*
     *Serrano v. Driscoll*, 324 F. Supp. 3d 1053, 1062 (D. Ariz. 2018).
28

Given that Defendants have filed their procedurally and substantively improper Notice of Removal, Plaintiff will not have his claim preliminarily adjudicated this week as originally scheduled, thus reducing the chances of having a court declare unlawful Defendants' policy and practice and halting the threatened unlawful detention.

**CONCLUSION**

Plaintiff respectfully requests that the Court set an expedited briefing schedule on Plaintiff's TRO Motion (Ex. 1), and set an expedited hearing on that Motion.

Dated this 1st day of February, 2019.

**ACLU FOUNDATION OF ARIZONA**

By      /s/ *Kathleen E. Brody*
Kathleen E. Brody
William B. Peard

**LAW OFFICE OF LEE PHILLIPS, P.C.**
Lee Phillips

**LAW OFFICE OF ROBERT S. MALONE**
Robert S. Malone

*Attorneys for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.  Notice of this filing will be  sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing.

/s/ Kathleen E. Brody
Kathleen E. Brody