**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Montelongo-Morales,<br><br>Plaintiff,<br><br>v.<br><br>James Driscoll, et al.,<br><br>Defendants. | No. CV-19-08025-PCT-ROS (DMF)<br><br>**ORDER** |

Plaintiff believes Coconino County has a policy of continuing to detain individuals who are eligible for release if federal immigration officials have requested that continued detention. Plaintiff filed his original complaint in Coconino County Superior Court. According to Plaintiff, that complaint alleged only violations of state law. Defendants, however, interpreted the complaint as "crafted to 'artfully' avoid federal jurisdiction and achieve an end run around a previous decision issued by Judge David G. Campbell in *Tenorino-Serrano v. Driscoll*, 324 F. Supp. 3d 1053 (D. Ariz. 2018)." (Doc. 1 at 3). Based on their interpretation of the complaint, Defendants removed the case to federal court.[1]

After removal, Plaintiff filed an amended complaint. (Doc. 13). The amended complaint contains a claim for "Injunctive Relief for Violation of Federal Law" as well as

---

[1] Prior to removal, Plaintiff also filed a Motion for Class Certification. (Doc. 12). While the Court will not address the motion for class certification at the February 7 hearing, it is worth noting that Defendants' response focuses on their belief that class status is unnecessary because success on Plaintiff's policy claim will necessarily inure to the benefit of other potential plaintiffs. This argument overlooks the reality that many individual requests for injunctive relief in this context become moot upon a change in circumstances. Thus, a class action likely is necessary to ensure the issues can be litigated to conclusion.

two claims for relief under Arizona law. (Doc. 13 at 10-11). The same day he filed his amended complaint, Plaintiff also filed notice of a request for temporary restraining order he had previously filed in state court. (Doc. 15). Because that request was filed before Plaintiff added his federal claim, the motion addresses only the merits of Plaintiff's state-law claims. Defendants filed an opposition to the request for a temporary restraining order, but did not address the merits. Instead, Defendants merely argued they would need "at least 21 days to respond to Plaintiff's TRO Motion." (Doc. 17 at 3). The Court set a hearing for February 7, 2019. That hearing will address a variety of preliminary matters, including whether this case should remain in federal court. At the hearing, the parties should be prepared to discuss the following.

Defendants may remove civil actions brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. §1441(a). That is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on this type of original jurisdiction is generally governed by the well-pleaded complaint rule. That rule states an action "aris[es] under" federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392.

An exception to the well-pleaded complaint rule, however, is the artful pleading doctrine. That doctrine prevents a plaintiff from preventing "removal by omitting to plead necessary federal questions in a complaint." *Lippitt v. Raymond James Fin. Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Courts have employed the artful pleading doctrine in: (1) complete preemption cases, (2) "substantial federal question cases," and (3) cases involving federal preclusion. *Id.* at 1041-42.

There is no question that Plaintiff did not allege any federal claims in his original complaint. Rather, Defendants maintain Plaintiff "artfully pled" his state law claims to

- 2 -

expressly avoid federal jurisdiction. The Court is skeptical that invocation of the artful pleading doctrine is appropriate in this instance.

Defendants present three arguments why the artful pleading doctrine applies: this case implicates complete preemption, the requested relief is necessarily federal in character, and Plaintiff's right to relief depends on substantial, disputed federal questions. Addressing each of these arguments in turn, they are not convincing.

Defendants cite no authority that Plaintiff's state law claims are completely preempted because the "exclusive cause of action for the claim asserted" lies in federal statutory authority. Indeed, the only cases Defendants cite are non-binding out of Circuit cases that say such claims "could" be constitutionally preempted.

Next, Defendants argue Plaintiff's requested relief is necessarily federal in character. Defendants seem to make two distinct arguments in support of this assertion. Defendants first allege that "[they] were acting under color and authority of federal law by 'cooperate[ing] with the Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States.'" But Defendants did not remove this action on the basis of Defendants' federal conduct or potential defense under 28 U.S.C. § 1442 (federal officer removal). It is also unclear that 8 U.S.C. § 1357(g) dictates that Defendants were acting under color of federal law when nothing in that provision clearly authorizes their conduct in detaining individuals in these circumstances.

As for Defendants' argument that Plaintiff has requested some form of federal relief, Defendants appear to be quite confused. According to Defendants, Plaintiff's original complaint included causes of action based on violations of "his 'rights' under Arizona law." (Doc. 1 at 5). Defendants claim that because Arizona has not recognized a private right of action for violations of the Arizona Constitution, Plaintiff must actually be seeking relief under 42 U.S.C. § 1983. This, of course, makes little sense. If Plaintiff was seeking relief for violations of his rights under Arizona law, 42 U.S.C. § 1983 would be irrelevant as that statute allows for relief based on the "deprivation of rights secured by the *federal Constitution and laws*." *Lovell By & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d

367, 370 (9th Cir. 1996) (emphasis added). It is unlikely Plaintiff can assert a right to relief under § 1983 for violations of the state-law rights he references.

Finally, Defendants argue Plaintiff's complaint raises a substantial, disputed federal question. Defendants argue A.R.S. § 11-1051(A) explicitly prohibits any limitations on cooperation with federal immigration authorities and the Supreme Court upheld this provision in *Arizona v. United States*, 567 U.S. 387 411-415 (2012). Thus, Defendants believe the Court will be required to "explore the full extent that cooperation with federal immigration is permitted by federal law." (Doc. 1 at 7). But whether something is permitted by federal law appears irrelevant. After all, if something is permitted by federal law, but prohibited by state law, there is no obvious reason to even reach the federal issue. And state courts can decide this issue.

Defendants also argue this case will require a court determine whether state officers act with federal authority when detaining individuals and whether state officers can arrest individuals based on a federal warrant. But again, if state law prohibits such activities, it is unclear why the federal law issues would ever be reached. A state law prohibiting something would not be a violation of federal law, absent at least a claim that the state-law prohibition violated federal law. Again, state courts can decide this issue.

Defendants' invocation of the artful-pleading doctrine leaves much to be desired. Based on a quick review of the issues, there is a substantial likelihood the removal of this case to federal court was improper. And if nothing had happened after removal, the case would have to be remanded to state court. But after the case was removed, Plaintiff amended his complaint to attempt to state a federal claim. According to Plaintiff, the inclusion of a federal claim means "this Court has jurisdiction over this case." (Doc. 15 at 2). While that might not be entirely accurate, it ultimately might not matter.

The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). For example, in *Libhart v. Santa Monica Dairy*

*Co.*, the complaint filed in state court "alleged five causes of action," all of them brought under state law. 592 F.2d 1062, 1064 (9th Cir. 1979). The defendant removed the case to federal court, "claiming the existence of a federal question." *Id.* Once in federal court, the plaintiff then amended his complaint to state a sixth cause of action under federal law. The district court eventually granted summary judgment to the defendants on that sixth cause of action. In doing so, the district court "specifically found . . . that the five causes of action comprising the original complaint . . . did not state a federal question." *Id.* at 1065. In the Ninth Circuit's view, that was "an implicit finding" that the removal had been improper because there had been no federal question presented at the time of removal. *Id.* And the subsequent addition of a federal claim once the suit was in federal court was irrelevant to the jurisdictional question. "In determining the existence of removal jurisdiction based upon a federal question, [a court] must look to the complaint as of the time the removal petition was filed." *Id.* Thus, the Ninth Circuit vacated the order granting summary judgment on the sixth cause of action for lack of jurisdiction. *Id.*

The rule set forth in *Libhart* has been repeatedly cited with approval, including in cases where a plaintiff voluntarily amended the complaint after arriving in federal court. *See Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1116–1117 (9th Cir. 2002) (post-removal addition of federal claim "is of no significance with regard to removal jurisdiction [as the relevant jurisdictional inquiry must be on] the complaint *as of the time the removal petition was filed.*"); *see also Sparta Surgical Corp. v Nat'l Ass'n of Securities Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998) (changes to complaint after removal were "of no moment" because "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments."). Indeed, the Court has not located any Ninth Circuit authority disclaiming the *Libhart* rule. There is, however, a final complication that might allow this case to remain in federal court for the time being.

In *Chabner v. United of Omaha Life Insurance Co.*, 225 F.3d 1042 (9th Cir. 2000), the defendant had removed the case to federal court based on diversity jurisdiction. After the case was in federal court, the plaintiff amended his complaint to state a federal claim.

- 5 -

The district court eventually entered judgment in favor of the plaintiff. On appeal, the Ninth Circuit noted "the propriety of federal jurisdiction based on diversity may have been questionable." *Id.* at 1046 n.3. But the court concluded it did not need to "rest federal jurisdiction on this questionable ground" because, after removal, the plaintiff added a federal claim. The court then invoked the principle that "an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject matter jurisdiction are met at the time the judgment is entered." *Id.* (quoting *Caterpillar*, 519 U.S. at 73). Because the amended complaint "raised a federal question, subject matter jurisdiction existed at the time the district court entered judgment." *Id.*

A case similar to *Chabner* is *Retail Property Trust v. United Brotherhood of Carpenters and Joiners of America*, 768 F.3d 938 (9th Cir. 2014). There, the plaintiff had asserted only state-law claims when it filed suit in state court. *Id.* at 943. The defendant removed the case, arguing "the state claims were not only preempted by federal law, but [the plaintiff] had also effectively stated a federal cause of action." *Id.* at 943. After the district court denied a motion to remand, the plaintiff amended its complaint to plead "federal question jurisdiction." *Id.* at 949. According to the Ninth Circuit, the plaintiff's decision to amend the complaint rendered moot "[t]he question whether the district court erred in denying" the motion to remand. *Id.* at 949 n.6.[2] The Ninth Circuit believed the plaintiff should be held "to the consequences of its choice to throw in the towel rather than" pursuing some other way of getting out of federal court. *Id.* The reference to "throw[ing] in the towel" likely must be read as an acknowledgement that, once the plaintiff chose to amend the complaint such that federal question jurisdiction was undoubtedly present, any eventual judgment would not be disturbed based on any perceived flaw in the original

---

[2] The Ninth Circuit faulted the plaintiff for amending its complaint instead of filing an interlocutory appeal. The reference to an interlocutory appeal seems to be based on a rule that was overruled long ago. Before 1996, the Ninth Circuit had a rule that a party wishing to preserve its objection to removal must "seek an interlocutory appeal of the district court's order denying the motion to remand." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 798 (9th Cir. 1987). But in 1996, the Supreme Court ruled a timely motion for remand was "all that was required" for a party to preserve an objection to removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Indeed, the Ninth Circuit recognized as much in an opinion from 1998. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) (noting *Caterpillar* overruled *Sorosky*).

removal. *See Chabner*, 225 F.3d at 1046 n.3.

Based on a review of existing Ninth Circuit authority, there seem to be two rules applicable to the present situation. First, assuming the original complaint did not state a federal claim for relief, Plaintiff's decision to amend his complaint to add a federal claim would not be enough to prevent remand of this case.[3] Second, given Plaintiff's decision to add a federal claim, if the case eventually proceeds to judgment on all of his claims, any perceived defect in the removal would not be a basis to present a jurisdictional challenge to the judgment. Accordingly, this case may be able to remain in federal court, provided Plaintiff is willing to do so. When making his evaluation, Plaintiff should consider the possibility that if the Court resolves the federal claim before the state-law claims, the state-law claims might be remanded to state court. *See, e.g., Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (noting "in the usual case in which all federal-law claims are eliminated before trial" any remaining state-law claims should be remanded).

As a final matter, the Court notes the viability of Plaintiff's federal claim is far from clear. Plaintiff's federal claim is that Defendants are acting "in contravention of applicable federal statutes and regulations. *See* 8 U.S.C. §§ 1357(g) and 1252c, and 8 C.F.R. 287, *et seq.*" (Doc. 13 at 10). But a review of those statutes and regulations does not elucidate what Plaintiff has in mind because none of them appear to authorize a private right of action. It is true that Plaintiff may "not need a statutory cause of action" if he is invoking the *Ex parte Young* doctrine which "permits courts of equity to enjoin enforcement of state statutes that violate the Constitution or conflict with other federal laws," even in the absence of a statutory cause of action. *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018). But if that is what Plaintiff intends, his amended complaint does not indicate how Defendants' actions violate federal law. Thus, at present, Plaintiff's "unadorned, the-defendant-unlawfully-harmed-me accusation" is unlikely to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* 28 U.S.C. § 1915A (requiring Court screen complaints filed by prisoners). At the hearing, Plaintiff should be prepared

---

[3] But obviously once back in state court, however, the case may be susceptible to being re-removed if Plaintiff does not elect to dismiss his federal claim.

to explain why his allegations of a federal claim establish the basis for a valid federal claim.

**IT IS SO ORDERED**.

Dated this 7th day of February, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge