**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Montelongo-Morales, | No. CV-19-08025-PCT-ROS (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| James Driscoll, et al., | |
| Defendants. | |

The complaint originally filed in state court alleged only state-law causes of action. Defendants removed the case based on the "artful pleading doctrine" but, as explored in the Court's previous Order, that doctrine does not apply here. (Doc. 19). And Plaintiff's decision to amend the complaint does not impact the jurisdictional inquiry. "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed and not as amended." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002). Because the complaint filed in state court "was entirely founded on state law claims," subject matter jurisdiction does not exist and this case must be remanded. *Id.*

Even if the Court were to ignore the Ninth Circuit's rulings and base the jurisdictional inquiry on the amended complaint, this case likely could not stay in federal court. The amended complaint references "federal statutes and regulations" but provides no meaningful explanation how those references give rise to a federal question. *Cf. Easton*

*v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (noting "mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action" absent special circumstances). At the hearing, Plaintiff explained his putative federal claim involved preemption. Had Plaintiff alleged a straightforward preemption claim, federal jurisdiction might exist. *See Indep. Training & Apprenticeship Program v. California Dep't of Indus. Relations*, 730 F.3d 1024, 1031 (9th Cir. 2013) (stating Ninth Circuit has upheld "jurisdiction over preemption claims seeking prospective relief" even in the absence of an obvious private right of action). But that possibility presents potentially difficult issues, which the parties have not addressed. *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1385 (2015) ("The power of federal courts of equity to enjoin unlawful executive action is subject to express and implied statutory limitations."). Suffice it to say, the existence of federal jurisdiction even over the amended complaint is not obvious.

Focusing on the relevant complaint, federal jurisdiction does not exist. Therefore, Defendants' removal was improper, and this case must be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** the Clerk of Court is directed to remand this action to the Coconino County Superior Court.

Dated this 8th day of February, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge